UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW | : | |
| HAVEN, INC., and THE GAN SCHOOL, INC., | : | |
| | : | |
| Defendants. | : | May 3, 2016 |

**COMPLAINT AND JURY DEMAND**

I.      **Jurisdiction and Venue**

1.      Jurisdiction obtains pursuant to 28 U.S.C. § 1332(a).

2.      The plaintiff resides in and is a citizen of the State of New Jersey.

3.      Defendant Daniel Greer resides in and is a citizen of the State of

Connecticut.  Defendants Yeshiva of New Haven, Inc. and The Gan School, Inc., are

non-stock corporations formed pursuant to the laws of the State of Connecticut with

their principal places of business in the State of Connecticut.

4.      The amount in controversy exceeds $75,000.00, exclusive of interest

and costs.

5.      Venue lies in this District pursuant to 28 U.S.C. § 1391(a) in that the

defendants reside in this District and the events, acts and omissions giving rise to the

plaintiff's claims occurred in this District.

6.     The defendants' acts and omissions alleged herein occurred while the plaintiff was a minor, the action is brought within 30 years from the date the plaintiff attained the age of majority, and this action seeks damages caused by sexual abuse, sexual exploitation and sexual assault; accordingly, this Complaint is timely filed pursuant to Connecticut General Statutes § 52-577d.

II.   **Parties**

7.      At all times mentioned herein, defendant Daniel Greer was the rabbi, school principal, chief administrator, president, director and treasurer at defendants Yeshiva of New Haven, Inc. and The Gan School, Inc. [collectively, The School].

8.     At all times mentioned herein, The School acted and failed to act through its servants, agents, apparent agents, employees, and representatives, including defendant Rabbi Greer.

9.     At all times mentioned herein, defendant Yeshiva of New Haven, Inc. and the Gan School, Inc. were non-stock corporations organized and existing under the laws of the State of Connecticut, operating an orthodox Jewish elementary and high school for boys and girls in New Haven, Connecticut.

10.    At all times mentioned herein, defendant Rabbi Daniel Greer was responsible for the supervision, care, safety and wellbeing of the minor children in the care and custody of The School.

11.    Plaintiff Eliyahu (Eli) Mirlis attended The School as a boarding student from September 2001 to June 2005.

**III.     First Claim for Relief (Negligence):**

12.     Beginning in the fall of 2002 and continuing for the entirety of Eli's sophomore, junior and senior high school years when he was 15, 16 and 17 years old, defendant Rabbi Greer repeatedly and continuously sexually abused, exploited, and assaulted him.

13.     During the years prior to his sexual molestation of Eli, Greer sexually abused, molested and exploited at least one other minor boy in the care and custody of The School.

14.     Rabbi Greer was in his sixties when he forced the minor Eli to engage in acts of sex with him, including forced fellatio, anal sex, fondling and masturbation.

15.     Rabbi Greer frequently gave Eli alcohol at the time he raped and assaulted his child victim.

16.     Rabbi Greer showed Eli pornographic films.

17.     Rabbi Greer anally raped, sodomized and in other ways sexually assaulted, abused and molested Eli dozens and dozens of times, with each incident lasting on average from one to four hours, and sometimes all night.

18.     Rabbi Greer raped, sodomized and sexually assaulted, abused and molested Eli on school property, in the bedroom of the Rabbi's private residence, at motels in Branford, Connecticut and Paoli and Philadelphia, Pennsylvania, on land in Hamden, Connecticut, and at rental properties in New Haven owned and managed by

Yeshiva of New Haven, Inc., The Gan School, Inc., and other non-stock Connecticut corporations of which Rabbi Greer was the President, Director and Treasurer, including properties located at 777 Elm Street, 203, 209 and 211 Norton Street, 139 West Park Avenue, 439 Edgewood Avenue, and 193 Maple Street.

19.    During the entire period of Rabbi Greer's molestation of Eli, senior administrators and officials of The School, including The School's assistant principal, actually knew and/or should have known that the Rabbi was raping, sodomizing and sexually assaulting, abusing and molesting the minor boy; and they did nothing to stop it.

20.    At all relevant times, administrators and officials of The School failed to safeguard the keys to the rental properties, providing Rabbi Greer with multiple places where he could rape and assault his child victim at his leisure without fear of being discovered or stopped.

21.    At the time of Rabbi Greer's sexual assaults, The School charged thousands of dollars per year for the privilege of attending the school and residing on school grounds.

22.    In exchange for the substantial monetary compensation charged to Eli's parents, and to the parents of the other minor children in The School's care and custody, The School and Rabbi Greer assumed responsibility for the students' protection, safety and wellbeing.

23.    The School and Greer promised Eli and his parents that the health and

welfare of the students was The School's highest priority.

24.     The School and Greer accepted the duty and responsibility to keep the children in their care and custody safe from harm.

25.     The School and Greer owed, and agreed that they owed, Eli and the other minor children in The School's care and custody a duty to do everything within their power to protect the children from sexual abuse by school administrators, faculty and staff.

26.     At the time that Rabbi Greer repeatedly and continuously raped and assaulted Eli, Connecticut law (Conn. Gen. Stat. Sec. 17-38a) required The School and its administrators and employees to report suspected child sexual abuse to state child welfare and law enforcement authorities.

27.     At the time that Rabbi Greer repeatedly and continuously raped and assaulted Eli, Connecticut law (Conn. Gen. Stat. Sec. 17-38a) required The School and its administrators and employees to immediately report to state child welfare authorities if they had reasonable cause to believe that one or more students were in danger of being sexually abused, even if they did not have reasonable cause to suspect that any such abuse had actually occurred.

28.     Notwithstanding these duties, responsibilities and promises, and the mandatory requirements of Connecticut law, at the time that Rabbi Greer repeatedly and continuously raped and assaulted Eli, The School, and its agents, employees, officials and administrators, failed and refused to report suspected child sexual abuse

at The School and the danger and threat of future child sexual abuse at The School to state child welfare and law enforcement authorities.

29.     As a result of the defendants' acts and omissions, Eli's ability to engage in normal life activities has been permanently impaired and he has been and will be unable to lead and enjoy a normal life.

30.     The harm inflicted on Eli has severely interfered with his ability to enter into and maintain physical, sexual and emotional relationships.

31.     The defendants' acts and omissions caused Eli physical pain and suffering.

32.     The defendants' acts and omissions caused Eli, and will continue over the course of his lifetime to cause him, mental, psychiatric, and emotional injuries, some or all of which are permanent, including severe emotional distress, humiliation, embarrassment, pain and anguish, anxiety, panic, sexual dysfunction, PTSD, depression, hyper-vigilance, shame, and low self-esteem.

33.     The defendants' acts and omissions have also caused Eli to suffer permanent damage to his educational and career prospects and to his past, present and future earnings.

34.     Eli's injuries and damages were caused by the negligence of the defendants in the ways previously described and in the following ways:

        a.     The School employed a pedophile, and allowed that pedophile free reign to gratify his perverse sexual desires by molesting a

young vulnerable boy in The School's care and custody;

b.      The School failed to supervise, discipline, report or fire Rabbi

Greer after it knew and/or should have known that he was serially

molesting a young boy; and

c.      The School failed to warn Eli and his parents of the risk of harm

and of the actual harm to which he was subjected while attending

The School.

35.     Each of the defendants owed Eli a duty of care, they breached that duty,

their breach caused Eli to be repeatedly raped and sexually assaulted, abused and

molested, and Eli suffered damages as a result.


**IV.     Second Claim for Relief (Recklessness):**

1.      Paragraphs 1 through 35 are hereby incorporated as Paragraph 1 of this

Second Claim for Relief, as if fully set forth herein.

2.      Each of the defendants was consciously aware of the fact that they

created a substantial risk to Eli.

3.      Notwithstanding the defendants' conscious awareness of the risk to Eli,

they failed to take necessary and appropriate steps to reduce or eliminate the risk.

4.      Notwithstanding the defendants' conscious awareness of the risk to Eli,

they took affirmative steps to exacerbate the risk and to make harm and injury to Eli

more likely.

5.      The reckless or callous indifference, or the wanton misconduct, of each of the defendants, alone and in concert, caused Eli to suffer injuries.

**V.      Third Claim for Relief (Negligent Infliction of Emotional Distress):**

1.      Paragraphs 1 through 35 are hereby incorporated as Paragraph 1 of this Second Claim for Relief, as if fully set forth herein.

2.      Each of the defendants created an unreasonable risk of causing Eli emotional distress.

3.      Eli's distress was foreseeable.

4.      The emotional distress was severe enough that it might result in illness or bodily harm.

5.      The acts and omissions of each of the defendants, alone and in concert, caused Eli's distress.

**VI.      Fourth Claim for Relief (Intentional Infliction of Emotional Distress):**

1.      Paragraphs 1 through 35 are hereby incorporated as Paragraph 1 of this Fourth Claim for Relief, as if fully set forth herein.

2.      Each of the defendants intended to inflict emotional distress or they knew or should have known that emotional distress was the likely result of their conduct.

3.      Each of the defendant's conduct was extreme and outrageous.

8

4.      The defendants' conduct, alone and in concert, caused Eli's distress.

5.      The emotional distress sustained by Eli was and is severe.

**VII.    Fifth Claim for Relief (Breach of Fiduciary Duty):**

1.      Paragraphs 1 through 35 are hereby incorporated as Paragraph 1 of this Fifth Claim for Relief, as if fully set forth herein.

2.      A fiduciary relationship existed between each of the defendants and Eli which gave rise to (a) a duty of loyalty on the part of the defendant to the plaintiff, (b) an obligation on the part of the defendant to act in the best interests of the plaintiff, and (c) an obligation on the part of the defendant to act in good faith in any manner relating to the plaintiff.

3.      Each of the defendants advanced their own interests to Eli's detriment.

4.      Eli sustained damages.

5.      Eli's damages were proximately caused, alone and in concert, by each of the defendant's breach of fiduciary duty.

**VIII.   Sixth Fifth Claim for Relief (Sexual Assault and Battery against Rabbi Greer):**

1.   Paragraphs 1 through 35 are hereby incorporated as Paragraph 1 of this Sixth Claim for Relief, as if fully set forth herein.

2.   Rabbi Greer acted intending to cause harmful or offensive contacts with the

plaintiff's body or imminent apprehensions of such contacts.

     3.     Repeated harmful contacts directly resulted.

     4.     Rabbi Greer acted intentionally or under circumstances showing a

reckless disregard of the consequences of his actions.

## IX.    **PRAYER FOR RELIEF**

     Wherefore, the plaintiff prays for the following relief:

     1.     Compensatory damages;

     2.     Punitive damages; and

     3.     Such other relief as the Court deems just and proper.

               THE PLAINTIFF

               BY s/Antonio Ponvert III
               ANTONIO PONVERT III ct17516
               KOSKOFF, KOSKOFF & BIEDER, P.C.
               350 FAIRFIELD AVENUE
               BRIDGEPORT, CT 06604
               Tel: 203-336-4421
               (203)368-3244 (facsimile)
               aponvert@koskoff.com

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| | : | |
| Plaintiff, | : | |
| | | |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW | : | |
| HAVEN, INC., and THE GAN SCHOOL, INC., | : | |
| | : | |
| Defendants. | : | May 3, 2016 |

**<u>DEMAND FOR JURY TRIAL</u>**

Pursuant to Fed. R. Civ. P. Rule 38, the plaintiff in the above-captioned matter hereby demands a trial by jury on all issues.

THE PLAINTIFF

By /s/ Antonio Ponvert III
    Antonio Ponvert III
    Federal Bar No. ct 17516
    Koskoff Koskoff & Bieder
    350 Fairfield Avenue
    Bridgeport, Connecticut 06604
    TEL:  203-336-4421
    FAX: 203-368-3244
    Email: aponvert@koskoff.com