IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION |
| Plaintiff | : | NO. 3:16-CV-00678-MPS |
| | : | |
| v. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW HAVEN INC., THE GAN SCHOOL INC., F.O.H., INC., EDGEWOOD VILLAGE, INC., and EDGEWOOD ELM VILLAGE INC., | : | |
| | : | |
| Defendants. | : | MAY 25, 2016 |

## ANSWER TO THE AMENDED COMPLAINT DATED MAY 24, 2016

I. **Jurisdiction and Venue**

1. The defendants lack sufficient knowledge or information to determine the truth of the in paragraph 1 of the complaint.

2. The defendants lack sufficient knowledge or information to determine the truth of the in paragraph 2 of the complaint.

3. The defendants deny the allegations of paragraph 3 in that it fails to identify the corporations as non-profit. The defendants further deny the allegations of paragraph 3 in that Edgewood Elm Village Inc. no longer exists and was changed to Edgewood Village Inc. The defendant further deny the allegations in that Yeshiva of New Haven Inc. is A.K.A. The Gan School Inc.. The defendants admit the balance of paragraph 3 of the complaint.

4. The defendants deny the allegations of paragraph 4 of the complaint.

1

5. The defendants admit that they reside or are incorporated in this District. The defendants deny that any events, acts and omissions in the plaintiff's complaint occurred.

6. The defendants deny so much of paragraph 6 of the complaint as alleges that the defendants sexually abused, sexually exploited or sexually assaulted the plaintiff. The defendants lack sufficient knowledge or information to determine the truth of the balance of the allegations in paragraph 6 of the complaint.

II. **Parties**

7. The defendants lack sufficient information to determine the truth of the allegations of paragraph 7 of the complaint.

8. The defendants deny the allegations of paragraph 8 of the complaint.

9. The defendants denies the allegations of paragraph 9 to the extent that it asserts there was a high school for girls at the times mentioned in the complaint while the plaintiff was student at the high school. The defendant denies the allegation of paragraph 9 as it applies to the elementary school. The defendants admit the balance of the allegations of paragraph 9 of the complaint.

10. The defendants admit the allegations of paragraph 10 of the complaint.

11. The defendants lack sufficient knowledge or information to determine the truth of the in paragraph 11 of the complaint.

III. **First Claim for Relief (Negligence against Greer, Yeshiva and Gan).**

12. The defendants deny the allegations of paragraph 12 of the complaint.

13. The defendants deny the allegations of paragraph 13 of the complaint.

2

14. The defendants deny the allegations of paragraph 14 of the complaint.

15. The defendants deny the allegations of paragraph 15 of the complaint.

16. The defendants deny the allegations of paragraph 16 of the complaint.

17. The defendants deny the allegations of paragraph 17 of the complaint.

18. The defendants deny the allegations of paragraph 18 of the complaint to the extent that it alleges the defendant, Greer, raped, sodomized and sexually assaulted, abused and molested the plaintiff at any time or any place. The defendant, Greer, had become aware, however, that the plaintiff was at the Branford Motel with another person or persons who are not defendants in this matter.

19. The defendants deny the allegations of paragraph 19 of the complaint.

20. The defendants deny the allegations of paragraph 20 of the complaint.

21. The defendants deny the allegations of sexual assault. The defendants admit that the school charged for the privilege of attending the school and residing on school grounds.

22. The defendants admit paragraph 22 of the complaint.

23. The defendants admit paragraph 23 of the complaint.

24. The defendants admit paragraph 24 of the complaint.

25. The defendants admit paragraph 25 of the complaint.

26. The defendants deny the allegations of paragraph 26 that allege Rabbi Greer repeatedly and continuously raped and assaulted Eli. The defendants admit that Connecticut General Statute Section 17-38a required the School, its administrators and employees to report suspected child sexual abuse to state child welfare and law enforcement agencies.

27. The defendants deny the allegations of paragraph 27 that allege Rabbi Greer repeatedly and continuously raped and assaulted Eli. The defendants admit that Connecticut General Statute Section 17-38a required the School, its administrators and employees to immediately report to state child welfare authorities if they had reasonable cause to believe that one or more students were in danger of being sexually abused, even if they did not have reasonable cause to suspect that any such abuse had actually occurred.

28. The defendants deny the allegations of paragraph 28 of the complaint.

29. The defendants deny any allegations that they acted or failed to act. The defendants lack sufficient knowledge or information to determine the truth of the balance of the allegations in paragraph 29 of the complaint.

30. The defendants lack sufficient knowledge or information to determine the truth of the the allegations in paragraph 30 of the complaint.

31. The defendants deny the allegations of paragraph 31 of the complaint.

32. The defendants deny the allegations of paragraph 32 of the complaint.

33. The defendants deny the allegations of paragraph 33 of the complaint.

34. The defendants deny the allegations of paragraph 34 of the complaint.

35. The defendants deny the allegations of paragraph 35 of the complaint.

**IV.   Second Claim for Relief (Recklessness against Greer, Yeshiva and Gan):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Second Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Second Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Second Claim for Relief of complaint.

4. The defendants deny the allegations of paragraph 4 of the Second Claim for Relief of complaint.

5. The defendants deny the allegations of paragraph 5 of the Second Claim for Relief of complaint.

V. **Third Claim for Relief (Nelgigent Infliction of Emotional Distress against Greer, Yeshiva and Gan):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Third Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Third Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Third Claim for Relief of complaint.

4. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the Third Claim for Relief of the complaint.

5. The defendants deny the allegations of paragraph 5 of the Third Claim for Relief of complaint.

VI. **Forth Claim for Relief (Intentional Infliction of Emotional Distress against Greer, Yeshive and Gan):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Fourth Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Fourth Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Fourth Claim for Relief of complaint.

4. The defendants deny the allegations of paragraph 4 of the Fourth Claim for Relief of complaint.

5. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the Fourth Claim for Relief of the complaint.

VII. **Fifth Claim for Relief (Breach of Fiduciary Duty against Greer, Yeshiva and Gan):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Fifth Claim for Relief, as if fully set forth herein.

2. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 2 of the Fifth Claim for Relief of the complaint.

3. The defendants deny the allegations of paragraph 3 of the Fifth Claim for Relief of complaint.

4. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the Fifth Claim for Relief of the complaint.

5. The defendants deny the allegations of paragraph 5 of the Fifth Claim for Relief of complaint.

VII. **Sixth Claim for Relief (Sexual Assualt and Battery against Rabbi Greer):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Sixth Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Sixth Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Sixth Claim for Relief of complaint.

4. The defendants deny the allegations of paragraph 4 of the Sixth Claim for Relief of complaint.

IX. **Seventh Claim for Relief (Negligence against F.O.H., Inc. Edgewood Village, Inc. and Edgewood Elm Village, Inc.):**

1. The responses to Paragraph 1-35 are hereby incorporated as Paragraph 1 of this response to the Seventh Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Seventh Claim for Relief of complaint.

3. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 3 of the Seventh Claim for Relief of the complaint.

4. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the Seventh Claim for Relief of the complaint.

5. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the Seventh Claim for Relief of the complaint.

6. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 6 of the Seventh Claim for Relief of the complaint.

7. The defendants deny the allegations of paragraph 7 of the Seventh Claim for Relief of complaint.

8. The defendants deny the allegations of paragraph 8 of the Seventh Claim for Relief of complaint.

9. The defendants deny the allegations of paragraph 9 of the Seventh Claim for Relief of complaint.

X. **Eighth Claim for Relief (Recklessness against F.O.H., Inc. Edgewood Village, Inc. and Edgewood Elm Village, Inc.):**

1. The responses to Paragraph 1-9 of the responses to the Seventh Claim for Relief are hereby incorporated as Paragraph 1 of this response to the Eighth Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Eighth Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Eighth Claim for Relief of complaint.

4. The defendants deny the allegations of paragraph 4 of the Eighth Claim for Relief of complaint.

5. The defendants deny the allegations of paragraph 9 of the Eighth Claim for Relief of complaint.

XI. **Ninth Claim for Relief Negligent Infliction of Emotional Distress against F.O.H., Inc., Edgewood Village, Inc. and Edgewood Elm Village, Inc.):**

1. The responses to Paragraph 1-9 of the responses to the Seventh Claim for Relief are hereby incorporated as Paragraph 1 of this response to the Ninth Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Ninth Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Ninth Claim for Relief of complaint.

4. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 4 of the Ninth Claim for Relief of the complaint.

5. The defendants deny the allegations of paragraph 5 of the Ninth Claim for Relief of complaint.

XII. **Tenth Claim for Relief (Intentional Infliction of Emotional Distress against F.O.H., Inc., Edgewood Village, Inc. and Edgewood Elm Village, Inc.):**

1. The responses to Paragraph 1-9 of the responses to the Seventh Claim for Relief are hereby incorporated as Paragraph 1 of this response to the Tenth Claim for Relief, as if fully set forth herein.

2. The defendants deny the allegations of paragraph 2 of the Tenth Claim for Relief of complaint.

3. The defendants deny the allegations of paragraph 3 of the Tenth Claim for Relief of complaint.

4. The defendants deny the allegations of paragraph 4 of the Tenth Claim for Relief of complaint.

5. The defendants lack sufficient knowledge or information to determine the truth of the allegations in paragraph 5 of the Tenth Claim for Relief of the complaint.

Respectfully Submitted,
The Defendants

By _____
William J. Ward
Federal Bar No: ct10009
336 Torrington Road
P.O. Box 430
Litchfield, Connecticut 06759
Tel: 860-567-2210
Fax: 860-567-2218
billwardlaw@sbcglobal.net

## **CERTIFICATION**

    I hereby certify that on June 22, 2016, a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to those unable to accept electronic fling as indicated on the notice of electronic filing. Parties may access the filing through the Court's CM/ECF System.

Antonio Ponvert III
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604

William J. Ward