UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 16cv00678 MPS |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW HAVEN, INC., THE GAN SCHOOL, INC., FOH., INC., EDGEWOOD VILLAGE, INC., and EDGEWOOD ELM VILLAGE INC., | : | |
| Defendants. | : | SEPTEMBER 6, 2016 |

## MOTION TO QUASH DEPOSITION AND PRODUCTION REQUEST OF DANIEL GREER

Motion to Quash pursuant to the provisions of Rule 45 of the Federal Rules of Civil Procedure, the undersigned defendant, Daniel Greer, respectfully request the court quash the attached subpoena and notice of deposition dated August 29, 2016. On August 29, 2016, the plaintiff served a notice of deposition and production request on Daniel Greer to be scheduled for September 8, 2016. In the Notice of Deposition, the plaintiff requested the following documents be produced no later than 7 days prior that the deponent produce no later than seven days before the deposition all documents that pertain to: (1) insurance coverage that may apply to the claims asserted in the Complaint; (2) all assets, including real property, owned by each of the defendants; (3) assets of a value in excess of $1,000 conveyed by the defendants in the past 24 months; (4) Eliyahu Mirlis; and (5) Rabbi Greer's sexual relationship with Eli Mirlis and any other under-age children, including motel and hotel credit card receipts. It is important to note that the document requests were made only 10 days prior to the

scheduled deposition. The defendant specifically requested that the deposition be rescheduled after the Jewish Holidays at the beginning of October, 2016. The plaintiff has refused to wait. The defendant moves to quash the deposition and the productions request for the following reasons:

1. The plaintiff has demanded that the items requested be produced 7 days prior to the deposition. The notice was served on August 29, 2016 with the deposition scheduled for September 8, 2018. There was a Labor Day holiday in between those dates. There are boxes of possible relevant insurance policies that would impose an undue burden and cost on the defendant to reproduce in the time period allowed by the notice of deposition. The plaintiff is also seeking all credit card receipts covering a time period from 2001 to 2004. This information is not readily available 9as it seeks information more than 10 years old) and is voluminous which would cause an undue burden to produce in such a short period of time. The production request also seeks assets conveyed by the defendants in excess of $1,000.00 in the past 24 months and all assets owned by each of the defendants. There are six defendants most of which are non-profit organizations. The defendant clearly needs more than 10 days to respond to these production requests. Furthermore, the defendant objects to starting the depositions and continuing it at a later date when the production request could be met. As such the depositions and production request should be quashed and the matter rescheduled after the Jewish Holidays for mid-October 2016.

2. Rule 45 (a)(1)(D) provides in relevant part that the plaintiff is entitled to inspect and copy or produce all documents. The defendants are willing to allow the plaintiff to inspect and copy all the relevant documents requested. The plaintiff has indicated that

he wants them produced. Aside from the undue burden and expense of copying the voluminous materials requested, the plaintiff has indicated that he is not willing to inspect and copy the documents at the office of the defendants' attorney. As such, the deposition should be quashed until such time that this matter can be worked out or until mid October, 2016, which would allow the defendants to comply.

3. The production request and Notice of Deposition was only served on Rabbi Daniel Greer. FRCP 44(4) requires that it be served on all parties.

4. The parties still have pending issues regarding the deposition of Avid Hack. Many of the same issues will exist in the depositions of the defendant. As such, the defendants respectfully request that the deposition of the defendant not begin until the deposition of Avid Hack is complete to avoid the repeated stop and start continuations that have occurred due to discovery disputes in Mr. Hack's deposition. The parties are currently submitting briefs to the court that are due September 23, 2016 regarding Mr. Hack's deposition. In the interest of judicial economy, the defendant respectfully request that this motion to quash be granted the deposition of Daniel Greer be rescheduled for mid October, 2016.

5. The plaintiff has failed to show relevance of need for the requested material.

THE DEFENDANTS,

BY S/William J. Ward
William J. Ward
Ct 10009
336 Torrington Road
P.O. Box 430
Litchfield, Connecticut 06759
(860)567-2210
Telefax: 860-567-2218

## CERTIFICATION

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                            **s/William J. Ward**
                                            William J. Ward

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 16cv00678 MPS |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW HAVEN, INC., THE GAN SCHOOL, INC., FOH., INC., EDGEWOOD VILLAGE, INC., and EDGEWOOD ELM VILLAGE INC., | : | |
| Defendants. | : | AUGUST 29, 2016 |

## NOTICE OF DEPOSITION

PLEASE TAKE NOTICE that pursuant to Fed. R. Civ. P. 30, the plaintiff will take the deposition of **DANIEL GREER** before an official court reporter or other competent authority, at the offices of **Koskoff Koskoff & Bieder, 350 Fairfield Avenue, Bridgeport, CT** on **September 8, 2016 beginning at 2:00 p.m**. The deposition will continue from day-to-day until completed. The deposition will be recorded stenographically and by videographer.

## PRODUCTION REQUESTS

The plaintiff requests that the deponent produce no later than seven days before the deposition all documents that pertain to: (1) insurance coverage that may apply to the claims asserted in the Complaint; (2) all assets, including real property, owned by each of the defendants; (3) assets of a value in excess of $1,000 conveyed by the defendants in the past 24 months; (4) Eliyahu Mirlis; and (5) Rabbi Greer's sexual relationship with Eli Mirlis and any other under-age children, including motel and hotel credit card receipts.

THE PLAINTIFF,

BY_____
ANTONIO PONVERT III ct17516
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: 203-336-4421
(203)368-3244 (facsimile)
aponvert@koskoff.com

## CERTIFICATION

I hereby certify that a copy of the foregoing was sent this 29th day of August, 2016 to:

William Ward, Esq.
P.O. Box 430
Litchfield, CT 06759

_____
Antonio Ponvert III