UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| Plaintiff, | : | |
| | : | 16cv00678 MPS |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW | : | |
| HAVEN, INC., THE GAN SCHOOL, INC., | : | |
| FOH., INC., EDGEWOOD VILLAGE, INC., and | : | |
| EDGEWOOD ELM VILLAGE INC., | : | |
| Defendants. | : | SEPTEMBER 9, 2016 |

## MEMORANDUM IN SUPPORT OF REQUEST TO COMPEL ADDITIONAL DEPOSITION TESTIOMNY OF AVIAD HACK

The defendants hereby move that this court enter an order requiring Rabbi Aviad Hack to appear and continue answering questions regarding a relationship he had with a former student named Yaakov Hatanian. More specifically, the defendant intends to ask the deponent about the sum and substance of his last conversation with Mr. Hatanian on or about December 17, 2015 or September 17, 2015. The defendants also intend to question the deponent about any sexual relationship he may have had with Mr. Hatanian.

The defendants also intend to ask the deponent, Rabbi Aviad Hack, about various conversations he had with the defendant, Rabbi Daniel Greer and with a third party, Rabbi Hillel David.

## Background

The attorney for the plaintiff noticed the deposition of Aviad Hack for July 25, 2016 regarding allegations of sexual abuse of a former student against the defendant

Daniel Greer between 2001 and 2005. The deponent, Aviad Hack, was the school's assistant principal according the plaintiff during that time period.

Prior to the plaintiff retaining an attorney, the defendants were threatened by the deponent, Aviad Hack, that a former student would make the alleged allegations of sexual molestation if the defendants did not turn over the control and/or assets of the school to the deponent. Shortly after the defendant refused to succumb to that threat, the plaintiff retained an attorney and brought the present action.

Prior to the deposition beginning, the parties agreed at the request of the plaintiff that all objection were reserved until trial except as to form. **Transcript at 5, L-14-16.** The plaintiff's attorney's direct examination proceeded with objections only to form. The plaintiff's attorney was allowed to proceed to ask irrelevant questions about matters unrelated to the allegation of the complaint based on the agreement of the parties.

When the defendants' attorney began his cross-examination of the deponent, the deponent was instructed to not answer questions regarding the following issues:

1. Must the deponent answer questions regarding the sum and substance of his last conversation he had with a former student, Yaakov Hatanian, on December 17, 2015 or September 17, 2015?

2. Must the deponent respond the questions about whether he had a sexual relationship with a former student while he was student and after he graduated?

3. Must the deponent respond to questions about conversation he had with Rabbi David Hillel regarding the subject matter of this litigation?

4. Must the deponent answer questions about conversations he had with the defendant, Rabbi Daniel Greer?

The deponent's attorney and the plaintiff's attorney raised objections based on relevancy and the priest penitent privilege.

## Argument

Depositions are the evidentiary basis for the resolution of the vast majority of civil cases. **GMAC Bank v. HTFC Corp., 248 F.R.D. 182 at 185 (E.D. Pa. 2008).** The Federal Rules of Civil Procedure established structure than promotes the free flow of information. **See Fed. R. Civ. P. 30**. Anything that impedes the free flow of information is viewed as bad. **See Fed. R. Civ. P. 30(d) advisory committee's note (1993).** "Depositions frequently have been prolonged, if not unfairly frustrated, by lengthy objections and colloquy, often suggesting how the deponent should respond.." **Luangisa v. Interface Operations, 2011 WL 6029880, at *7 (D. Nev. Dec. 5, 2011).** In short, the deposition was designed to be the most powerful truth-seeking tool in civil litigations. It allows for live questioning and follow-up. **Fed. R. Civ. P. 30.**

1. **Must the deponent answer questions regarding the sum and substance of his last conversation he had with a former student, Yaakov Hatanian, on December 17, 2015 or September 17, 2015?**

The deponent was asked about his last conversation with a former student, Yaakov Hatanian. When asked about his last conversation with Mr. Hatanian, the deponent recalled with certainty the specific date of the conversation. **Transcript at P. 95 L 4-6.** The deponent began to tap his attorney. **Transcript at 96-97**. Attorney Errante objected to the question indicating that he didn't think it was "relevant or calculated to lead to admissible material." **Transcript at P. 96, L17-20.** Attorney Errante instructed his client not to answer the question and took a 23 minute break after instructing his client to not answer the question. **Transcript at P. 97 -98, L 21-4.**

First, the parties agreed to reserve all objections except as to form until trial. **Transcript at 5, L-14-16.** The defendants abided by this agreement in full. The direct examination of the deponent was rife with hearsay and inadmissible evidence, and produced no physical evidence or documentation to support the allegations in this case. However, the defendants abided by the agreement to reserve objection until trial.

Rather than abide by the agreement of the parties, the deponent's attorney and the plaintiff raised a relevancy objection simply because the deponent did not want to discuss the substance of his last conversation with a former pupil. There was not a priest penitent objection raised because the former pupil is not a Rabbi. The only objection was relevancy.

Relevance is not a form objection. It is an "improper foundation" objection and should not be made at the time of the depositions. Instead, it should be reserved until time of trial as allowed under **Fed. R. Civ. P. 32(b).** Second, **Fed. R. Civ. P. 26(b)(1)** allow discovery of inadmissible information so long as it is reasonably calculated to lead to the discovery of admissible evidence at trial.

The credibility of the deponent and motive of the deponent for supporting the allegations of the complaint are subject to cross-examination and any questions that could lead to admissible evidence should be allowed. If the substance of the conversation had anything to do with the allegations of the complaint, the motive of the deponent, or the credibility of the deponent, the answer could lead to admissible evidence and is an appropriate question for a deposition even if it is determine to be inadmissible at trial. As such, the defendant respectfully request that the defendants be

allowed to explore the substance of the last conversation the deponent had with his former pupil, Yaakov Hatanian.

2.  **Must the deponent respond the questions about whether he had a sexual relationship with a former student while he was student and after he graduated?**

The deponent's attorney also instructed the deponent to not answer any questions regarding any prior sexual relationships the deponent may have had with former students after said student(s) had graduated. The defendants intend to pursue questions regarding the deponent's credibility and motive for raising allegations against the defendants. Further, the defendant's intend to question the deponent about his attempts to take over the school or subject the defendants to the allegations in the complaint. The deponent's sexual relationship with a former student could lead to admissible material regarding credibility and motive as noted above, and is a proper subject for questioning at a deposition. Although the deponent denied a sexual relationship with Mr. Hatanian while he was a student, he did admit that he had nibbled on a student's ear while working at the school. **Transcript at 102, L 19-23.** There is evidence that the deponent had allowed Mr. Hatanian to remain in a guest suite rather than the dorm while he was a student of the deponent. The deponent was instructed not to answer a question regarding a sexual relationship with Mr. Hatanian after he had graduated. **Transcript at 101, L 10-13.** Again, said questions could clearly lead to admissible material.

3.  **Must the deponent respond to questions about conversation he had with Rabbi David Hillel regarding the subject matter of this litigation?**

The deponent was also instructed not to answer any questions regarding any conversations he had with another Rabbi regarding his testimony and the allegations of the complaint based on the priest penitent privilege.

While a communication to a Rabbi in his professional capacity is privileged, many of the witnesses and parties in this case are Rabbis. A communication is privileged only when the consulted Rabbi is acting in his professional capacity. Statements not seeking religious or spiritual advice are not privileged. Further, the deponent waived any privilege with respect to any disclosures made during his direct testimony at the deposition. **Conn. Gen. Stat. Sec. 52-146b;** <u>**In Re Contemporary Mission Inc.**</u>**, 44 B.R. 940, 943 (Bankr. D. Conn. 1984).** The deponent's attorney raised this objection prior to exploring the date, time and place of discussion with the rabbi, the capacity in which consultation took place and he nature of any conversation which had already been disclosed on direct.

The deponent admitted that he had consulted with Rabbi Hillel David on the subject matter of the pending litigation. **Transcript at P 78, L 22-25.** The deponent was then asked when the consultation took place when he was instructed not to answer the question. **Transcript at P 80, L 3-15.** The witness was not allowed to answer any further questions. Therefore, there is no support that his statements to Rabbi Hillel David were made in the context of seeking spiritual or religious advice. There is no support that Rabbi Hillel David was acting in his professional capacity at the time the advice was sought.

4.  **Must the deponent answer questions about conversations he had with the defendant, Rabbi Daniel Greer?**

Although the deponent's attorney raised in his submission the issue of priest penitent regarding conversation the deponent had with the defendant, there was no objection to these conversations raised at the deposition. This may be a typographical error, but clearly the deponent would have to answer questions about conversation he had with the defendant that he spoke of during his direct examination.

## Conclusion

For all of the foregoing reasons, the defendants respectfully request that the Court enter an order requiring Aviad Hack to appear and give testimony at a deposition on dates to be selected by the defendants at a cost to the deponent and/or plaintiff.

THE DEFENDANTS,

BY  S/William J. Ward
William J. Ward
Ct 10009
336 Torrington Road
P.O. Box 430
Litchfield, Connecticut 06759
(860)567-2210
Telefax: 860-567-2218

## CERTIFICATION

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

                                            s/William J. Ward
                                            William J. Ward