UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| | : | 3:16-CV-00678-MPS |
| Plaintiff, | : | |
| | | |
| V. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF NEW HAVEN, INC., THE GAN SCHOOL, INC., F.O.H., INC., EDGEWOOD VILLAGE, INC., and EDGEWOOD ELM VILLAGE, INC., | : | |
| | : | |
| Defendants. | : | NOVEMBER 1, 2016 |

**PLAINTIFF'S MOTION TO COMPEL ANSWERS TO
<u>INTERROGATORIES AND PRODUCTION OF DOCUMENTS</u>**

Pursuant to Fed.R.Civ.P. 26, et seq., and L.Civ.R. 37, the plaintiff hereby (1) moves to compel the defendants to produce the documents requested in the plaintiff's September 20, 2016 Request for Production of Documents to All Defendants, and (2) moves to compel defendant Daniel Greer to answer the interrogatories contained in the plaintiff's September 20, 2016 Interrogatories to Defendant Daniel Greer. The discovery requests are attached as Exhibit A to the Affidavit of Antonio Ponvert III, filed herewith.

Answers and responses to the plaintiff's discovery requests were due October 20. The defendants failed to seek an extension of time or to respond in any other way. On October 28, plaintiff's counsel wrote to defense counsel, asking by what date the defendants would respond. (All referenced emails are attached as Exhibit B to the Ponvert Aff.) Defense counsel's October 30 email failed to address the interrogatories at all, and asked for an extension until November 30 to "respond to the documents". Defense counsel did not acknowledge that his clients have waived their ability to

object.  *See, e.g., Oliphant v. Villano*, 2010 U.S. Dist. LEXIS 124724 * 10 n. 2 (D. Conn. Nov. 24, 2010) (JBA) ("The failure to respond or object to a discovery request in a timely manner waives any objection that may have been available.").  On November 1, plaintiff's counsel wrote again to defense counsel, asking that he commit to answering the interrogatories and producing the documents by the end of the week so that we would not need the Court's intervention.  Defense counsel responded on the same day that he objects to "some of the interrogatories" based on Greer's alleged "fifth amendment privilege", but he does not identify which interrogatories are allegedly objectionable or what the basis of the objections would be, he does not commit to answering even the unobjectionable ones, he asserts an untimely "need for an extension", and says that he "will file the appropriate motions".

As the docket plainly shows, this is the latest in a continuing pattern of behavior by Rabbi Greer and his counsel that shows a complete unwillingness to abide by the rules of procedure and an intention to delay these proceedings and to interfere with the just, speedy and inexpensive resolution of this case.  The plaintiff, therefore, moves to compel.

RESPECTFULLY SUBMITTED
THE PLAINTIFF

BY s/Antonio Ponvert III
Antonio Ponvert III ct17516
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, CT 06604
Tel: 203-336-4421
Fax: (203)368-3244
aponvert@koskoff.com

## **CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing. Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

**/s/**_____
Antonio Ponvert III