```
              UNITED STATES DISTRICT COURT
                DISTRICT OF CONNECTICUT
```

ELIYAHU MIRLIS,                  :
                                 :
     Plaintiff,                  :
                                 :
     v.                          :      CASE NO. 3:16cv678(MPS)
                                 :
RABBI DANIEL GREER, et al.,      :
                                 :
     Defendants.                 :

RULING ON MOTION TO COMPEL

Pending before the court is the plaintiff's motion to compel pursuant to Fed.R.Civ.P. 37.[1] (Doc. #43.)  The motion is granted absent objection or response of any kind.

On September 20, 2016, the plaintiff served interrogatories and requests for production on defendant Daniel Greer.

A party must answer or object to interrogatories and production requests within thirty days after being served.  Fed.R. Civ.P. 33(b)(3), 34(b).  "Untimely objections are waived unless the party's failure to object is excused by the court for good cause shown."  Spencer v. Kenny, No. 3:11CV50(RNC), 2015 WL 6958009, at *1 (D. Conn. Nov. 10, 2015).  See Rule 33(b)(4); Oliphant v. Villano, No. 3:09CV862(JBA), 2010 WL 4909238, at *3 (D. Conn. Nov. 24, 2010) ("The failure to respond or object to a discovery request in a timely manner waives any objection that may have been available.");

---

[1] U.S. District Judge Michael P. Shea referred the motion to the undersigned.  (Doc. #46.)

Horace Mann c. v. Nationwide Mut. Ins. Co., 238 F.R.D. 536, 538 (D. Conn. 2006)(finding that a Rule 33(b)(4) type waiver applies to Rule 34 production requests)(citing cases).  "These time limits are mandatory and are important to the speedy resolution of cases." Berube v. Great Atl. & Pac. Tea Co., Inc., No. 3:06cv197(PCD), 2006 WL 3826702, *5 (D. Conn. Nov. 30, 2006).

> The time limits set forth in the Federal Rules of Civil Procedure are not optional. . . . Litigants simply do not have unbridled, unilateral discretion to decide when they will respond to discovery requests. The very notion of such a chaotic system would make it impossible for cases to be resolved in a just, speedy, and inexpensive manner contemplated by Rule 1 of the Federal Rules of Civil Procedure.

Id. (quoting Billups v. West, No. 95 Civ. 1146, 1997 WL 100798, at *2 (S.D.N.Y. Mar. 6, 1997)).

The thirty day deadline passed.  The defendant neither filed a motion for extension of time nor responded to the discovery requests.

On November 1, 2016, the plaintiff filed the instant motion to compel.  The defendant still did not respond.  The defendant's opposition to the motion was due 21 days thereafter - on November 22, 2016.  See D. Conn. L. Civ. R. 7(a)1 ("memoranda in opposition to any motion shall be filed within twenty-one (21) days of the filing of the motion.")  "Failure to submit a memorandum in opposition to a motion may be deemed sufficient cause to grant the motion . . . ." D. Conn. L. Civ. R. 7(a)1.  The deadline passed and the defendant did not file anything in response to the plaintiff's

motion to compel.

The plaintiff's motion to compel is GRANTED.  Because the defendant asserted no objections, he therefore has waived all objections.  The defendant's compliance is due within 14 days of this order.  See D. Conn. L. Civ. R. 37(d).  Failure to comply with the court's order may, and likely will, result in the imposition of sanctions, up to and including dismissal.

Pursuant to Rule 37, if a motion to compel is granted or if the disclosure or requested discovery is provided after the motion was filed, "the court must, after giving an opportunity to be heard, require the party . . . whose conduct necessitated the motion, . . . to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Fed.R.Civ.P. 37(a)(5)(A)(emphasis added).  An award of expenses is mandatory unless "(i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust."  Fed.R.Civ.P. 37(a)(5)(A).

None of the exceptions apply.  The plaintiff's affidavit demonstrates that he sought to obtain the discovery without court intervention.  As to the two other exceptions, where the defendant neither responded to discovery requests or to the subsequent motion to compel, he has not met his burden of showing that his conduct

3

was substantially justified or that circumstances make an award of attorneys' fees unjust.  See Fed.R.Civ.P. 37.  Under these circumstances, the court must award fees.  Counsel are strongly encouraged to come to agreement as to the amount of fees. If they are unable to, the plaintiff may submit an affidavit itemizing any reasonable expenses incurred in filing the present motion for which he requests reimbursement.  The defendant may file an objection within 21 days as to the amount of the requested award.

Defense counsel is ordered to serve a copy of this ruling on his client.

This is not a recommended ruling.  This is a discovery ruling or order which is reviewable pursuant to the "clearly erroneous" statutory standard of review. 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a); and Rule 72.2 of the Local Rules for Magistrate Judges.  As such, it is an order of the Court unless reversed or modified by the district judge upon motion timely made.

SO ORDERED this 30th day of November 2016, at Hartford, Connecticut.

                                          _____/s/_____
                                          Donna F. Martinez
                                          United States Magistrate Judge