UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CASE NO. 3:16-cv-00678 (MPS) |
|       Plaintiff, | : | |
| v. | : | |
| | : | |
| RABBI DANIEL GREER, YESHIVA OF | : | |
| NEW HAVEN, INC., THE GAN SCHOOL, INC., | : | |
| F.O.H., INC., EDGEWOOD VILLAGE, INC., and | : | |
| EDGEWOOD ELM VILLAGE, INC., | : | |
|       Defendants. | : | APRIL 10, 2017 |

**MOTION IN LIMINE TO PRECLUDE THE**
**<u>FORCED TESTIMONY OF DANIEL GREER</u>**

      Defendant Daniel Greer ("Defendant" or "Mr. Greer") hereby moves *in limine* to preclude plaintiff Eliyahu Mirlis from calling him as a witness in this matter.  At his deposition, Daniel Greer invoked his right to decline to answer any questions pertaining to the subject matter of this case pursuant to the Fifth Amendment of the United States Constitution and the Connecticut State Constitution.  If called to the stand at the trial of this matter, Mr. Greer intends to again invoke these same constitutional protections and will decline to answer any questions relating to plaintiff's allegations of sexual abuse and misconduct.  Forcing Mr. Greer to take the stand simply to respond to each and every substantive question posed with an invocation of his Fifth Amendment rights is contrary to the law.  Additionally, such an exercise will have limited probative value and will undeniably unduly prejudice Mr. Greer.  Accordingly, plaintiff should be precluded from attempting to call Mr. Greer to the stand for this improper purpose.

**I.     Law and Argument**

    A.     <u>Motions *in Limine* in General</u>

"'Motion *in limine*', loosely translated, means 'motion at the threshold.' " 21 Charles Alan Wright & Kenneth Graham, Jr., Federal Practice and Procedure § 5037.10 (2d ed. 2005). Motions *in limine* are "well established devices" that "settle evidentiary disputes in advance so that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues." <u>United States v. Tokash</u>, 282 F.3d 962, 968 (7th Cir. 2002). "The purpose of an *in limine* motion is 'to aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial.' " <u>Palmieri v. Defaria</u>, 88 F.3d 136, 141 (2d Cir. 1996). <u>See</u>, <u>e.g.</u>, <u>Hannah v. Wal-Mart Stores, Inc.</u>, No. 3:12cv1361(VAB), 2017 WL 690179, at *2 (D. Conn. Feb. 21, 2017)("The purpose of a motion *in limine* is to allow the trial court to rule in advance of trial on the admissibility and relevance of certain forecasted evidence"); <u>Wechsler v. Hunt Health Sys., Ltd.</u>, 381 F. Supp. 2d 135, 140 (S.D.N.Y. 2003)(same). "District courts have discretion to determine evidentiary issues presented in motions *in limine* in advance of trial." <u>In re: General Motors LLC Ignition Switch Litig.</u>, No. 14-MC-2543(JMF), 2016 WL 4410008, at *1 (S.D.N.Y. Aug. 18, 2016).

    B.     <u>Greer's Expected Invocation of his Fifth Amendment Rights are Proper Under the Law</u>.

The Fifth Amendment of the United States Constitution states that "No person … shall be compelled in any criminal case to be a witness against himself. …" U.S. CONST. amend. V. As interpreted by the courts, this Fifth Amendment privilege "protects a person ... against being incriminated by his own compelled testimonial communications." <u>Fisher v. U.S.</u>, 425 U.S. 391, 409 (1976). The protection enables a defendant "not to answer official questions put to him in

any…proceeding, civil or criminal, formal or informal, where the answers might incriminate him in future criminal proceedings." Minnesota v. Murphy, 465 U.S. 420, 426 (1984) (quoting Lefkowitz v. Turley, 414 U.S. 70, 77 (1973)); see also Kastigar v. U.S., 406 U.S. 441, 445 (1972) (5th Amendment applies in any proceeding to "disclosures that the witness reasonably believes could be used [against him or her] in a criminal prosecution or could lead to other evidence that might be so used").

To receive Fifth Amendment protection, a person's statement must (1) be compelled, (2) be testimonial, and (3) incriminate the person in a criminal proceeding.  In the Second Circuit, the "central standard" for application of the privilege against self-incrimination is whether "the claimant is confronted by substantial and real, and not merely trifling or imaginary, hazards of incrimination". In re Corrugated Container Antitrust Litigation, 644 F.2d 70, 74 (2d Cir. 1981). To sustain the privilege, it need only be evident from the implications of the question, in the setting in which it is asked, that a responsive answer to the question or an explanation of why it cannot be answered might be dangerous because injurious disclosure could result. Hoffman v. U. S., 341 U.S. 479 (1951).

Here, Daniel Greer has been accused of sexual abuse and misconduct that allegedly occurred when plaintiff was a student at a school with which Greer was affiliated.  The sexual activity and contact alleged, even if consensual, is a felony in the state of Connecticut due to the relationship between the parties.  See C.G.S. §§ 53a-71, 53a-73a. The plaintiff has testified that in addition to filing this civil suit, he has also discussed his allegations with the police authorities.  It is reasonable to assume, therefore, that any substantive question posed by plaintiff's counsel at trial will relate to these allegations, which may be the subject of an ongoing

police investigation. Mr. Greer is thus well within his rights to invoke his 5th Amendment privilege at trial and to refuse to respond to any such questions, and intends to do so.

  C. <u>This Court Should Not Allow Plaintiff to Compel Greer to Take the Stand to "Plead the Fifth" Because Doing so is Contrary to Law, Will Have Limited Probative Value and will be Unduly Prejudicial</u>.

Plaintiff is on notice of Daniel Greer's intent to properly invoke his Fifth Amendment privilege at trial, and as a result plaintiff should not be permitted to call Mr. Greer to the stand. The Second Circuit—and indeed, circuit courts throughout the nation—have uniformly held that a witness may not be called to the stand for the purpose of showing the jury that the witness will assert the Fifth Amendment. <u>See</u>, <u>e.g.</u>, <u>U.S. v. Castro</u>, 129 F.3d 226, 231 (1st Cir. 1997) (court should not permit witnesses who have indicated that they will refuse to answer questions on legitimate 5th Amendment grounds to take witness stand and assert privilege in front of jury); <u>U.S. v. Deutsch</u>, 987 F.2d 878, 884 (2d Cir. 1993) (court properly prevented defendant from calling witness because desired testimony would consist only of irrelevant information and invocation of privilege against self-incrimination); <u>U.S. v. Griffin</u>, 66 F.3d 68, 70 (5th Cir. 1995) (court properly denied defendant's requests either to put witness on stand to invoke 5th Amendment privilege or to inform jury of witness's refusal to testify); <u>U.S. v. Mabrook</u>, 301 F.3d 503, 507 (7th Cir. 2002) (court properly prevented defendant from calling witness who would have asserted 5th Amendment privilege before jury); <u>U.S. v. Castorena-Jaime</u>, 285 F.3d 916, 931 (10th Cir. 2002) (same).

Moreover, calling Mr. Greer to the stand simply to invoke his Fifth Amendment privilege will be more prejudicial than probative and should also be disallowed pursuant to Federal Rule of Evidence 403. This rule provides that evidence which is probative "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice ...." Evidence is

unfairly prejudicial for purposes of Rule 403 if it tends to have some adverse effect on the party against whom it is offered beyond the tendency to prove the fact which justifies its admission into evidence. United States v. Figueroa, 618 F.2d 934, 943 (2d Cir.1980); 22 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5215, at 274–275 (1978). A trial court has wide discretion in making a Rule 403 determination. Brink's, Inc. v. City of New York, 717 F.2d 700,715 (2d. Cir. 1983).

Mr. Greer has indicated that he will invoke his Fifth Amendment privilege in response to all substantive questions posed by plaintiff's counsel. Accordingly, Mr. Greer's compelled testimony will not tell the jury anything of value that cannot be communicated by an instruction by the court that Mr. Greer has declined to testify on Fifth Amendment grounds. Parading Mr. Greer before the jury to repeatedly invoke the Fifth Amendment privilege will only serve to paint him as "a criminal who has probably eluded justice" in the eyes of the finders of fact, which will cause significant and irreparable prejudice in this case, especially given the inflammatory nature of the allegations made against Mr. Greer. Farace v. Indep. Fire Ins. Co., 699 F.2d 204, 210-211 (5th Cir. 1983); see also Brink's, Inc. v. City of New York, 717 F.2d 700,715 (2d. Cir. 1983) (Winter, J. in dissent, warning against the "systematic interrogation of witnesses on direct examination by counsel who knows they will assert the privilege against self-incrimination" as allowing "juries to draw prejudicial inferences from leading questions put to witnesses, denies parties the right to cross-examine, and is an invitation to sharp practice").

Most importantly, Daniel Greer's invocation of his Fifth Amendment rights is not an admission of his legal culpability in this case. As courts have properly instructed jurors, "the assertion of the Fifth Amendment is a personal constitutional right and may have been asserted for a variety of reasons, including reasons unrelated to such individual's guilt or innocence of

any matters related to this case." Questioning Techniques and Tactics § 6:29 (3d ed.), citing the jury instructions given in In Re Corrugated Container Antitrust Litig., M.D.L. No. 310, 644 F.2d 70 (2d Cir. 1981)[1]. Accordingly, the probative value of any such "testimony" is far outweighed by the risk of devastating prejudice that may occur, especially when the Court can instead inform the jury of Mr. Greer's assertion of the privilege through an appropriately-crafted instruction.

While it is true that in Brink's, the Second Circuit upheld – as not more prejudicial than probative - a trial court's decision to permit *non-party* witnesses to testify after it became clear that they would invoke the Fifth Amendment privilege in response to virtually every question asked, the calculus is much different where the witness invoking the privilege *is a party*. Additionally, the Second Circuit has been clear that no bright line rule is appropriate in this regard, and each case must be considered individually. Brink's, 717 F.2d at 709.  Other circuit

---

[1] The full Fifth Amendment instruction given by the court in In Re Corrugated Container Antitrust Litigation, 644 F.2d 70, 74 (2d Cir. 1981) was as follows:

*Assertion of Fifth Amendment Rights.* A number of individuals who were asked to testify at this trial refused to do so, based on their constitutional right under the Fifth Amendment which states: "No person shall be compelled in any case to testify against himself." They have refused on the ground that their testimony might be used against them in an indictment and trial for the alleged commission of a crime.

Each individual who asserted the Fifth Amendment had a perfect legal right to do so. They may have done so for a variety of reasons that do not necessarily indicate guilt of any crime. The significance of the assertion of the Fifth Amendment by these witnesses is a matter to be determined solely by you, or you may choose to give such assertions no significance whatsoever. However, I instruct you that a witness' invoking his Fifth Amendment privilege cannot be considered as evidence that anyone other than the witness or his employer was a participant in the alleged conspiracy. For example, if an employee of X Company, not a defendant in this case, invokes his Fifth Amendment privilege, that cannot be considered by you as raising any inference of any kind that [Y Company] was a participant in any conspiracy at all.

Since the assertion of the Fifth Amendment is a personal constitutional right and may have been asserted for a variety of reasons, including reasons unrelated to such individual's guilt or innocence of any matters related to this case, you may, if you so choose, totally disregard the evidence of the assertion of the Fifth Amendment by any person. Although you may consider the various witnesses' refusals to testify you are instructed to give those refusals no more evidentiary value than is warranted by all the facts surrounding this case. Specifically, you may return a verdict based on substantial evidence separate and apart from such refusals, which may be considered together with any inferences you may choose to draw from the witnesses' refusals to testify.

courts have held where the witness invoking the privilege is a party, the fact of the invocation of a Fifth Amendment privilege can cause unfair prejudice that warrants its exclusion. Farace v. Indep. Fire Ins. Co., 699 F.2d 204, 210-211 (5th Cir. 1983). As the Fifth Circuit noted in Farace, because "assertion of the privilege, particularly on the advice of counsel, is an ambiguous response" and because there is a danger that jurors will regard any party invoking the privilege as "a criminal", the admission in a civil case of a party's refusal to answer on Fifth Amendment grounds can be excluded as unduly prejudicial. Farace v. Indep. Fire Ins. Co., 699 F.2d 204, 210-211 (5th Cir. 1983). As one author argued, "if viewed as 'evidence,' [f]ifth [a]mendment claims, whose impact cannot be ameliorated through cross-examination, will be far more damaging to a defendant than substantive testimony . . .." Hartwell, *The Fifth Amendment in Civil Antitrust Litigation: Procedure and Strategy—The Defendant's View*, 50 ANTITRUST L.J. 847, 848 (1982).

Daniel Greer is not seeking to exclude any mention of the fact that he chooses to invoke his privilege; he is merely asking that he not be forced to undergo the overwhelmingly prejudicial spectacle of being forced to repeatedly assert his lawful constitutional rights on the witness stand in the face of plaintiff's leading and suggestive questioning. Based on these facts, it is clear that any potential probative value of such a "show" is far outweighed by the prejudice that is sure to inure to Mr. Greer should it be permitted by the Court. Under the circumstances of this case, the balance of the equities requires that the plaintiff be precluded from calling Mr. Greer to repeatedly invoke his Fifth Amendment rights in front of the jury. Such a practice is improper under the law, and with good reason since it will serve no purpose other than to unduly and unfairly prejudice the defendant. Instead, the Court should instruct the jury that Mr. Greer has declined to testify and invoked his Fifth Amendment right to do so, and should provide an

appropriate limiting instruction as to the weight the jury may –or may not—choose to afford this fact.[2]

## II.     CONCLUSION

Daniel Greer intends to invoke his Fifth Amendment right against self-incrimination at trial.  To avoid an unduly prejudicial sideshow, Mr. Greer should be permitted to do so without taking the stand.  Appellate courts throughout the country have determined that witnesses should not be called to the stand simply to show the jury that they will invoke the Fifth Amendment.  Moreover, the extreme prejudice Daniel Greer will suffer if forced to take the stand is not outweighed by any probative value that his "testimony" will provide, especially in light of the court's ability to charge the jury on this issue. For these reasons, Daniel Greer's Motion *in limine* should be granted and the plaintiff should be precluded from calling Mr. Greer as a witness against himself—and against his will—at trial.

---

[2] The defendants have filed a proposed jury instruction on the application of the Fifth Amendment privilege with the Court.  See Exhibit J to Joint Trial Memorandum, filed on even date herewith.

**THE DEFENDANTS**

By: /s/ David T. Grudberg
David T. Grudberg (ct01186)
CARMODY TORRANCE SANDAK &
HENNESSEY LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
E-mail:dgrudberg@carmodylaw.com

William J. Ward (ct10009)
336 Torrington Rd.
PO Box 430
Litchfield, CT 06759
Telephone: (860) 567-2210
Facsimile: (860)567-2218
E-mail: billwardlaw@sbcglobal.net

*Their Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Motion *in limine* was filed electronically on the above date. Notice of this filing will be sent by email to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing. Parties may access this filing through the Court's system.

      /s/ David T. Grudberg
David T. Grudberg