UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CIVIL ACTION NO. |
| | : | 3:16-CV-00678-MPS |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| RABBI DANIEL GREER and YESHIVA OF NEW HAVEN, INC., | : | |
| | : | |
| Defendants. | : | APRIL 10, 2017 |

**<u>JOINT TRIAL MEMORANDUM</u>**

The parties submit this Joint Pretrial Memorandum and all attachments pursuant to the Court's January 4, 2017 Order.

**(1) <u>TRIAL COUNSEL</u>**

<u>Plaintiff:</u>

Antonio Ponvert III
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue, 5th Floor
Bridgeport, CT 06064
(203) 336-4421
aponvert@koskoff.com

<u>Defendants:</u>

David T. Grudberg
Carmody Torrance Sandak & Hennessey LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
dgrudberg@carmodylaw.com

William J. Ward
336 Torrington Rd.
PO Box 430
Litchfield, CT 06759
billwardlaw@sbcglobal.net

**(2) JURISDICTION**

28 U.S.C. § 1332(a)(1).

**(3) JURY/NON-JURY**

Jury.

**(4) LENGTH OF TRIAL**

Four days.

**(5) FURTHER PROCEEDINGS**

1. Rulings on the parties' Motions in Limine.

2. Plaintiff's Motion to Conduct Voir Dire (Doc.104)

3. Plaintiff's Motion for Opening Statement (Doc. 105).

**(6) NATURE OF EACH CAUSE OF ACTION AND THE RELIEF SOUGHT**

Plaintiff's Position:

First Claim for Relief – Negligence against Greer and Yeshiva.

Second Claim for Relief – Recklessness against Greer and Yeshiva.

Third Claim for Relief – Negligent Infliction of Emotional Distress against Greer and Yeshiva.

Fourth Claim for Relief – Intentional Infliction of Emotional Distress against Greer and Yeshiva.

Fifth Claim for Relief – Sexual Assault and Battery against Greer.

All claims seek compensatory money damages. The claims for recklessness, intentional infliction of emotional distress and sexual assault and battery also seek punitive damages.

Defendant's Position:

Defendants deny liability under all theories advanced by the plaintiff, and further deny that the plaintiff has suffered damages of the types and in the amounts alleged.

## (7) TRIAL BY MAGISTRATE JUDGE

The parties have not agreed to a trial by a Magistrate Judge.

## (8) EVIDENCE: WITNESSES AND EXHIBITS

(a) Plaintiff's list of witnesses (and associated objections) is attached hereto as Exhibit A.
Defendant's list of witnesses (and associated objections) is attached hereto as Exhibit B.

(b) Plaintiff's list of exhibits (and associated objections) is attached hereto as Exhibit C.
Defendant's list of exhibits (and associated objections) is attached hereto as Exhibit D.

(c) A chart showing the plaintiff's designations and the defendants' cross-designations of the deposition transcript of Aviad Hack (and associated objections) is attached hereto as Exhibit E.
A marked-up version of the Aviad Hack deposition transcript (blue for plaintiff; red for defendants) is attached hereto as Exhibit F.

## (9) STIPULATION OF UNCONTROVERTED FACTS AND AGREED STATEMENT OF CONTESTED ISSUES OF FACT AND LAW

Stipulation of Uncontroverted Facts:

1. At the time of the incidents alleged in this case, 2001-2005, defendant Rabbi Daniel Greer was responsible for the supervision, care, safety and wellbeing of the minor children in the care and custody of The Yeshiva of New Haven, Inc., a boarding high school in New Haven, CT.
2. At the time of the incidents alleged in this case, defendant Yeshiva of New Haven, Inc. was a non-stock corporation organized and existing under the laws of the State of Connecticut, operating an orthodox Jewish high school for boys.
3. From September 2001 to June 2005, the plaintiff Eliyahu Mirlis attended the Yeshiva of New Haven as a boarding student. He was 14 years old in September 2001, and 17 in June 2005.
4. Yeshiva charged for the privilege of attending the school and residing on school grounds.
5. At the time of Eliyahu Mirlis's attendance at Yeshiva, Connecticut law required the school and its administrators and employees to report suspected child abuse to state child welfare and law enforcement authorities.

6. At the time of Eliyahu Mirlis's attendance at Yeshiva, Connecticut law required the school and its administrators and employees to immediately report to state child welfare authorities if they had reasonable cause to believe that one or more students were in danger of being sexually abused, even if they did not have reasonable cause to suspect that any such abuse had actually occurred.

Agreed Statement of the Contested Issues of Fact and Law:

1. Whether the plaintiff has proven by a preponderance of the evidence that defendant Daniel Greer sexually abused him when he was a student at Yeshiva.
2. Whether the plaintiff has proven by a preponderance of the evidence that defendant Greer committed sexual assault and battery on the plaintiff when the plaintiff was a student at Yeshiva.
3. Whether the plaintiff has proven by a preponderance of the evidence that defendant Greer was negligent in his treatment of the plaintiff.
4. Whether the plaintiff has proven by a preponderance of the evidence that defendant Greer negligently and/or intentionally inflicted emotional distress on the plaintiff.
5. Whether the plaintiff has proven by a preponderance of the evidence that defendant Greer was reckless in his treatment of the plaintiff.
6. Whether the plaintiff has proven by a preponderance of the evidence that defendant Yeshiva was negligent and/or reckless in its facilitation of, and/or its failure or refusal to report or otherwise stop, Greer's alleged sexual abuse.
7. Whether the plaintiff has proven by a preponderance of the evidence that defendant Yeshiva negligently and/or intentionally inflicted emotional distress on the plaintiff.
8. Whether the plaintiff has proven by a preponderance of the evidence that the actionable acts or omissions of one or both of the defendants was the cause in fact of any injury to the plaintiff.
9. Whether the plaintiff has proven by a preponderance of the evidence that the actionable acts or omissions of one or both of the defendants was a substantial factor, acting alone or in conjunction with other factors, causing the plaintiff to suffer injuries.
10. The amount of money that, more likely than not, will fairly compensate the plaintiff for the injuries inflicted by the defendants.
11. Whether the plaintiff has proven by a preponderance of the evidence that the reckless or intentional conduct of one or both of the defendants was outrageous for purposes of an award of punitive damages.

The plaintiff's proposed voir dire questions are attached hereto as Exhibit G.
The defendants' proposed voir dire questions are attached hereto as Exhibit H.

The plaintiff's proposed jury instructions (and associated objections) are attached hereto as Exhibit I.

The defendant's proposed jury instructions (and associated objections) are attached hereto as Exhibit J.

The parties' proposed verdict form is attached hereto as Exhibit K.

Brief Description of Case and Parties:

In this lawsuit, plaintiff Eliyahu Mirlis alleges that defendant Daniel Greer sexually abused, molested and exploited him over a three year period when he was a minor student at the Yeshiva high school in New Haven, and that, as a result of Greer's sexual abuse and assaults, Mirlis suffered mental and emotional trauma and other injuries. The plaintiff also alleges that the Yeshiva school is liable for his injuries and suffering because it knew or should have known about Greer's sexual abuse while it was occurring, but failed to do anything to report or stop it. The defendants deny these allegations, and they assert that, even if the allegations are true, the plaintiff has not suffered the injuries claimed.

### (10) **ANTICIPATED EVIDENTIARY PROBLEMS**

None, other than those set forth in the parties' Motions in Limine.

### (11) **COURTROOM TECHNOLOGY**

The plaintiff will connect a laptop to play video deposition testimony, and will need an ELMO to show exhibits. The defendants may connect a laptop to display exhibits electronically and/or project them on a screen.

Respectfully submitted,

**PLAINTIFF,
ELIYAHU MIRLIS**

By /s/ Antonio Ponvert
Antonio Ponvert III (ct17516)
Koskoff, Koskoff & Bieder, P.C.
350 Fairfield Avenue
Bridgeport, Connecticut 06604
Tel: 203-336-4421; Fax: 203-368-3244
aponvert@koskoff.com

**DEFENDANT,**
**DANIEL GREER and YESHIVA OF NEW HAVEN, INC.**

By _____
David T. Grudberg (ct01186)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
E-mail:dgrudberg@carmodylaw.com

William J. Ward (ct10009)
336 Torrington Rd.
PO Box 430
Litchfield, CT 06759
Telephone: (860) 567-2210
Facsimile: (860)567-2218
E-mail: billwardlaw@sbcglobal.net