```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT
```

ELIYAHU MIRLIS,                    :
                                   :
     Plaintiff,                    :
                                   :
     v.                            :       CASE NO. 3:16cv678(MPS)
                                   :
RABBI DANIEL GREER, and            :
YESHIVA OF NEW HAVEN, INC.,        :
                                   :
     Defendants.                   :

## RULING ON DEFENDANTS' MOTION TO COMPEL

Pending before the court is the defendants' motion to compel nonparty Aviad Hack to answer certain questions asked at his deposition. (Doc. #29.)

I.  Procedural Background

The plaintiff, Eliyahu Mirlis, brought this diversity action against defendants Yeshiva of New Haven, Inc., an orthodox Jewish school, and Rabbi Greer, the school's principal. The plaintiff alleges that defendant Greer sexually molested him from 2002 to 2005 when the plaintiff was a student at the school. (Doc. #117, Am. Compl. ¶12.)

During the course of discovery, the plaintiff noticed the deposition of nonparty Aviad Hack ("Hack"). The deposition began on July 25, 2016.[1] Counsel for the deponent objected to some questions posed by defense counsel. The lawyers could not resolve their differences, and thereafter contacted Judge Shea, who

---

[1] The deposition resumed on August 2, 2016.

referred the dispute to me.  (Doc. #21.)  I held a conference call with counsel and advised them to make a clear and precise record at the deposition so as to permit meaningful judicial evaluation.  I repeated on the docket that any motion to compel regarding the deposition must specify "with particularity each question at issue."  (Doc. #25.)  The defendants subsequently filed the instant motion.[2]  (Doc. ##29, 33.)[3]

II. Discussion

The defendants' motion to compel concerns the deponent Hack's conversations with two other nonparties - Yaakov Hatanian and Rabbi Hillel David.[4]

A. Hack's conversation with Yaakov Hatanian

The deponent Hack attended the defendant Yeshiva of New Haven and later worked for Greer at the school.  Hack testified that from 1991 or 1992, when he was a student, until 2004, he was involved in a sexual relationship with defendant Greer.  (Hack Dep. 7/25/16 at 22 - 25.)  Hack further testified that (1) he was aware that Greer was sexually molesting the plaintiff and (2) Greer made admissions to him about Greer's involvement with the plaintiff.  (Hack Dep.

---

[2] I heard oral argument on April 4, 2017.

[3] After the pending motion was briefed, at the court's request, counsel submitted Hack's entire deposition transcript to chambers.

[4] The defendants' motion initially encompassed Hack's conversations with defendant Greer.  (Doc. #29 at 6.)  However, during oral argument, defense counsel stated that the motion was now limited to Hack's conversations with Hatanian and Rabbi David.

2

7/25/16 at 39, 42-44.)

Defense counsel asked Hack questions about another former student named Yaakov Hatanian ("Hatanian"). Hack testified that the last time he spoke to Hatanian was December 17, 2015.[5] The following colloquy ensued:

| Defense counsel: | What was that conversation about? |
|---|---|
| | . . . . |
| Hack's counsel: | You don't have to answer the question if you don't want to. I don't think it's relevant or calculated to lead to admissible evidence. . . . |

(Tr. 7/25/16 at 95.)

The defendants move to compel Hack to answer the question.[6] Hack's counsel objects on the grounds that the subject matter of the conversation is not relevant.

B. <u>Legal Standard</u>

"It is improper to instruct a witness not to answer a question on the basis of relevancy." 7 James Wm. Moore et al., <u>Moore's Federal Practice</u> ¶30-88 (3d ed. 2016). "[I]f there is an objection to the question on such grounds, the court reporter should note the

---

[5]The date of Hack's last conversation with Hatanian is referred to variously as occurring in September 2015 ("When was the last time you spoke to Yaakov Hatanian? A. September 17, 2015" Tr. 7/25/16 at 95) and December of 2015. (Q: "You also mentioned that you had a conversation with Hatanian on December 17, 2015." A. Yes." Tr. 8/2/16 at 76.)

[6]Fed. R. Civ. P. 37(a)(3)(B)(i) provides that "[a] party seeking discovery may move for an order compelling an answer . . . if: (i) a deponent fails to answer a question asked under Rule 30 . . . ."

3

objection but the examination should proceed." Baines v. City of N.Y., No. 10CV9545, 2016 WL 3042787, at *3 (S.D.N.Y. May 27, 2016). Pursuant to Fed. R. Civ. P. 30(c)(2)[7], "[a] deponent may only refuse to testify under three circumstances: to preserve a privilege; to enforce a Court ordered limitation; or to present a motion under Rule 30(d)(3)." Kelley v. City of Hamden, No. 3:15CV00977(AWT)(SALM), 2016 WL 5348568, at *2 (D. Conn. Sept. 23, 2016).

None of these three circumstances existed here. The deponent did not assert a privilege; the court had not ordered a limitation regarding testimony pursuant to Rule 26(c); the deponent did not present a motion under Rule 30(d)(3).

If examining counsel engages in irrelevant and objectionable questioning,

> the appropriate course for opposing counsel is to enter an objection. The witness may then answer the question. If the answer is offered at trial, opposing counsel may then renew the objection and obtain a ruling from the court.

7 Moore's Federal Practice, supra, at ¶30-89.

---

[7]Rule 30(c)(2) provides in pertinent part:

An objection at the time of the examination - whether to evidence, to a party's conduct, to the officer's qualifications, to the manner of taking the deposition, or to any other aspect of the deposition - must be noted on the record, but the examination still proceeds; the testimony is taken subject to any objection. An objection must be stated concisely in a nonargumentative and nonsuggestive manner.

If the deponent Hack's counsel believed that defense counsel was engaged in oppressive conduct or abusive questioning intended to embarrass or humiliate Hack, there was a remedy available under Rule 30(d)(3).[8] Under this rule, a deponent "may move to terminate or limit a deposition on the ground that it is being conducted in bad faith or in a manner that unreasonably annoys, embarrasses or oppresses the deponent . . . ." As indicated, the deponent did not avail himself of this remedy.

Even if the court could construe Hack's argument to be that defendants' inquiry was so far afield as to cause unreasonable annoyance, embarrassment or oppression pursuant to Rule 30(d), the record before the court is simply too anemic to furnish a context or provide adequate information regarding the disputed query.[9] In

---

[8]In addition, before the deposition, if counsel suspected that the inquiry would be objectionable, he could have moved for a protective order under Rule 26(c). Furthermore, during the deposition, counsel for the deponent could have contacted the court "or moved for an order pursuant to Rule 30(d) . . . . If he had exercised either of these options, he would have been acting as provided in the Rules. But instructing the witness[] not to answer is not a proper choice of remedy under the Rules, except when questions call for disclosure of trade secrets or privileged information." Am. Hangar, Inc. v. Basic Line, Inc., 105 F.R.D. 173, 177 (D. Mass. 1985).

[9]"To obtain a protective order under Rule 30(d), the moving party has the burden of proving that the examination was being conducted in bad faith or in such a manner as to unreasonably annoy, embarrass, or oppress the deponent or a party." In re Omeprazole Patent Litig., No. M-21-81(BSJ), 2005 WL 818821, at *2 (S.D.N.Y. Feb. 18, 2005), aff'd, 227 F.R.D. 227 (S.D.N.Y. 2005). "A lawyer who believes that his opponent's question is so oppressive as to require judicial intervention needs to clarify the record to the greatest extent possible so that the court, which has not attended the deposition and has not observed its atmosphere,

5

other words, given the state of the record, the court is unable to determine where the question was headed, whether it was asked for an improper purpose or why it might be inappropriate. Hack has not shouldered his burden of showing that he is entitled to relief under Rule 30(d)(3) so must respond to the question.[10]

C.  Hack's conversation with nonparty Rabbi David Hillel

The defendants next move to compel Hack to respond to questions regarding his conversations with his rabbi, nonparty Rabbi Hillel David.[11] Hack's attorney objected to the inquiry on the grounds of the clergy-penitent privilege.[12] The relevant

---

can reach an informed conclusion." 3 Robert L. Haig, Business and Commercial Litigation in the Federal Courts § 24:62 (4th ed.).

[10] The court, of course, cannot opine regarding questions that might arise from the deponent's response. Counsel, as officers of the court, must be guided by their experience, good judgment and the strictures of Rule 26. As one district court has observed:
> The deposition process is dependent upon the professionalism of counsel as they voluntarily comply with Fed. R. Civ. P 30. It requires counsel to cooperate with each other and with the deponents. The court is not present during the deposition to rule on objections or to enforce the rules. When counsel obstructs the process, there is not only a violation of the rules but there is an adverse reflection on the legal profession in the eyes of the witnesses whose most significant contact with attorneys may [be] through taking his or her deposition.

Ferguson v. N. Broward Hosp. Dist., No. 10-61606-CIV, 2011 WL 1496771, at *1-2 (S.D. Fla. Apr. 19, 2011).

[11] The deponent Hack also is a rabbi.

[12] The privilege, which is based on Connecticut state law, comes into play because this is a diversity case. See Application of Am. Tobacco Co., 880 F.2d 1520, 1527 (2d Cir. 1989)("the existence of a privilege is to be determined by reference to state law."); Fed. R. Evid. 501.

6

exchange is as follows:

```
Defense counsel:    Did you consult with [Rabbi David] on
                    this matter [of the lawsuit]?
Hack's counsel:     Without waiving the objection, you
                    can answer the question.
Hack:               Yes, I did.
Defense counsel:    When?
Hack's counsel:     Objection.
```

(Tr. 7/25/16 at 78-79.)

"The clergy-penitent privilege did not exist at common law, and is a creature of statute." State v. Mark R., 300 Conn. 590, 597 (2011). It is codified at Conn. Gen. Stat. § 52-146b, which provides:

> A clergyman, priest, minister, rabbi or practitioner of any religious denomination accredited by the religious body to which he belongs who is settled in the work of the ministry shall not disclose confidential communications made to him in his professional capacity in any civil or criminal case or proceedings preliminary thereto, or in any legislative or administrative proceeding, unless the person making the confidential communication waives such privilege herein provided.

The privilege applies "only to communications involving religious or spiritual advice, aid or comfort." Thopsey v. Bridgeport Roman Catholic Diocesan Corp., No. NNHCV106009360S, 2012 WL 695624, at *9-10 (Conn. Super. Ct. Feb. 15, 2012).

For the privilege to apply, a penitent must demonstrate:

> (1) there was a communication; (2) the communication was confidential; (3) it was made to a member of the clergy within the meaning of the statute; (4) the communication was made to the clergy member in his or her professional capacity; (5) the disclosure was sought as part of a criminal or civil case; and (6) the defendant did not waive the privilege.

7

State v. Mark R., 300 Conn. 590, 597-98 (2011). The party asserting the privilege bears the burden of establishing each element of the privilege. Id. at 598.

The defendants argue that the objection was prematurely asserted. Hack's counsel responds that further inquiry would be futile because all of Hack's communications with Rabbi David involved religious or spiritual advice and therefore are privileged.

Here again, the record is poorly developed. Aside from saying that Rabbi David is the deponent's rabbi, counsel have given the court no information to place the dispute in context. In any event, the court's careful review of the deposition reveals that at least some of Hack's conversations with Rabbi David were not privileged. For example, Hack testified that he spoke with Rabbi David regarding a staff member's request for time off. (Hack Dep. 7/29/16 at 77-78.) Hack also had a discussion with Rabbi David regarding the school's management and employees. (Hack Dep. 8/2/16 at 23-24.)

On the record before the court, Hack has not met his burden of establishing the facts essential to support the asserted privilege. The motion to compel Hack to respond to the query at issue is granted.

III. Conclusion

Having concluded that Hack must respond to the disputed

questions, the court pauses to offer some direction. If the deposition is resumed, counsel for the deponent must allow him to answer all questions, absent a claim of privilege, unless counsel seeks appropriate relief under the federal rules. In the event that an objection is asserted based on privilege, "the normal practice is to allow a deposition to go forward and have the parties complete as much of it as possible . . . ." Ceslik v. Miller Ford, Inc., No. 3:04CV2045(AWT)(DFM), 2007 WL 1794097, at *2 (D. Conn. June 19, 2007). Counsel should proceed to make a complete record by exploring the specific factual basis for the assertion of privilege. "When a privilege is claimed, the deponent must answer questions relevant to the existence, extent and/or waiver of the privilege, including questions addressing the date of privileged communication, who made the privileged communication, and the identity of persons to whom the contents of the statement have been disclosed." Greer v. Mehiel, No. 15CV6119, 2017 WL 543453, at *4 (S.D.N.Y. Feb. 10, 2017). In short, the record must be sufficiently developed to permit counsel - and if need be, the court - to assess the validity of the objection.

SO ORDERED at Hartford, Connecticut this 17th day of April, 2017.

_____/s/_____
Donna F. Martinez
United States Magistrate Judge