UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIYAHU MIRLIS,

       Plaintiff,                                        No. 3:16-cv-00678 (MPS)

v.

DANIEL GREER, ET AL.

       Defendants.

**MOTION FOR ORDER DIRECTING CLERK TO ISSUE WRITS OF EXECUTION**

       The plaintiff, Eliyahu Mirlis ("Plaintiff"), moves this Court for an Order directing the Clerk to issue writs of execution pursuant to (1) the Application for Writ of Execution Financial Institution (Doc. No. 174) (the "Greer Application") filed by Plaintiff seeking a writ of execution to seek payment from a financial institution regarding the judgment debt owed by defendant Daniel Greer ("Greer") to Plaintiff; and (2) the Application for Writ of Execution Financial Institution (Doc. No. 176) (the "Yeshiva Application" and together with the Greer Application, the "Applications") filed by Plaintiff seeking a writ of execution to seek payment from a financial institution regarding the judgment debt owed by defendant Yeshiva of New Haven, Inc. (the "Yeshiva" and together with Greer, "Defendants") to Plaintiff.  In support of his Motion, the Plaintiff states as follows:

**I.**    **Relevant Procedural Background**

       On June 6, 2017, following a jury verdict in Plaintiff's favor, the Court entered a judgment (the "Judgment") against the Defendants in the above-captioned case in the amount of $21,749,041.00.  To date, the Judgment remains unsatisfied in full and the Defendants have paid nothing on same.  On June 28, 2017, Defendants filed a Motion for New Trial or, in the Alternative, for Remittitur (Doc. No. 172) (the "New Trial Motion").  The New Trial Motion

seeks a new trial, or alternatively, remittitur of the jury's award pursuant to Fed. R. Civ. P. 59(a). The Plaintiff has filed its opposition to the New Trial Motion.

On July 10, 2017, Plaintiff filed the Applications; however, writs of execution have not been issued by the Clerk to date.  The Plaintiff now files this instant Motion in furtherance of the Applications and to make clear that the pendency of the New Trial Motion does not impact the entry of writs of execution based on the New Trial Motion to the extent it is a consideration of the Court.

**II.    The Writs of Execution Should Be Issued as the Plantiff's Judgment Remains in Full Force and Effect and the Pendency of the New Trial Motion Does Not Stay or Effect the Enforcement of the Judgment**

It is well established that 14 days after a judgment has entered, executions should issue upon request on that judgment.  Fed. R. Civ. P. 62(a).   Fed. R. Civ. P. 62(a) provides, with two exceptions not relevant here, that "no execution may issue on a judgment, nor may proceedings be taken to enforce it, until 14 days have passed after its entry."  More than fourteen (14) days have passed since the Judgment entered, and thus, execution on that Judgment is not stayed in this case.

Without more, the mere pendency of the New Trial Motion does extend or re-impose this automatic but  temporary stay of execution and the Judgment remains enforceable and subject to execution, *see* Fed. R. Civ. P. 62(b); *Lawyers Title Ins. Corp. v. Singer*, No. 3:07cv804 (MRK), 2011 U.S. Dist. LEXIS 22359 (D. Conn. Mar. 7, 2011).    Fed. R. Civ. P. 62(b) provides in relevant part,

> On appropriate terms for the opposing party's security, the court may stay the execution of a judgment—or any proceedings to enforce it—pending disposition of any of the following motions: . . . (3) under Rule 59, for a new trial or to alter or amend a judgment.

Thus, the Court in its discretion and only upon the satisfaction of conditions precedent of the Defendants seeking, demonstrating and providing adequate and appropriate security to the Plaintiff to protect his interest in the Judgment against both Defendants *may* execution of the Judgement be stayed notwithstanding the pending post-judgment motions. See Fed. R. Civ. P. 62(b). Here there has been no request let alone stay of execution of the Judgment in this case. Defendants have not offered or provided any security. Even if Defendants requested a stay, the Court could only make such an order upon "appropriate terms for [Plaintiff's] security." Fed. R. Civ. P. 62(b); Peacock v. Thomas, 516 U.S. 349, 359 n.8 (1996) ("The district court may only stay execution of the judgment pending the disposition of certain posttrial motions or appeal if the court provides for the security of the judgment creditor."); Lawyers Title Ins. Corp. v. Singer, No. 3:07cv804 (MRK), 2011 U.S. Dist. LEXIS 22359, at *2 (D. Conn. Mar. 7, 2011). The purpose of this requirement is "to protect the prevailing party's interest in the judgment while preserving the status quo. . . ." Singer, 2011 U.S. Dist. LEXIS 22359, at*2. This typically requires the posting of a bond, unless the judgment debtor can show that "the judgment creditor will be properly secured against the risk that the judgment debtor will be less able to satisfy the judgment after the disposition of the post-trial motions." Id. at *2-3.

Here, there has been no motion to stay filed by Defendants, and Plaintiff has not been provided with adequate security so as to justify a stay of execution. It is implicit in the purpose of providing security for a stay of execution—i.e., to protect a prevailing party's interest in the judgment—that execution of a judgment allows a prevailing party the means to be made whole by collecting his judgment. Here, Plaintiff is in a worse position that a prevailing party who is subject to a stay of execution because not only can he not execute on Defendants' bank accounts to recover the Judgment, but he has not been provided with any security by the Defendants. Indeed, they have requested and sought additional time to respond to requests for financial

information, so that to date, Plaintiff has been left to his investigation to discover the financial data and assets of the Defendants.  Plaintiff's inability to seek satisfaction of his judgment through execution prejudices his ability to collect the Judgment against Defendants because he may be less able to satisfy the Judgment due to delay, dissipation or other action, whether intended or not.  Therefore, since the law is clear that no stay is in effect, the Plaintiff respectfully submits that Court should enter an order directing the Clerk to issue writs of execution pursuant to the Applications forthwith.

### III. Conclusion

WHEREFORE, based upon the foregoing, Plaintiff respectfully requests that the Court enter and order directing the Clerk to issue writs of execution pursuant to the Applications, and grant such other and further relief as justice requires.

Dated at Bridgeport, Connecticut, this 1st day of August, 2017.

                    THE PLAINTIFF,
                    ELIYAHU MIRLIS

By:*/s/ Matthew K, Beatman*
    Matthew K. Beatman (ct08923)
    John L. Cesaroni (ct29309)
    Zeisler & Zeisler, P. C.
    10 Middle Street, 15th Floor
    Bridgeport, CT  06604
    Tel: (203) 368-4234
    Fax: (203) 367-9678
    Email: mbeatman@zeislaw.com

**CERTIFICATION OF SERVICE**

The undersigned hereby certifies that on August 1, 2017, a copy of the foregoing Motion for Order Directing Clerk to Issue Writs of Execution was served upon all appearing parties with access to the CM/ECF System by operation of the Court's electronic notification system.

>  */s/ John L. Cesaroni*
>  John L. Cesaroni (ct29309)
>  Zeisler & Zeisler, P. C.
>  10 Middle Street, 15th Floor
>  Bridgeport, CT  06604
>  Tel: (203) 368-4234
>  Fax: (203) 367-9678
>  Email: jcesaroni@zeislaw.com
>  His attorneys