UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| ELIYAHU MIRLIS, | : | CASE NO. 3:16-CV-00678 (MPS) |
|       Plaintiff, | : | |
| v. | : | |
| | : | |
| RABBI DANIEL GREER and YESHIVA OF NEW HAVEN, INC., | : | |
|       Defendants. | : | OCTOBER 27, 2017 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**MOTION FOR RELIEF FROM FINAL JUDGMENT**

Defendants Daniel Greer ("Greer") and Yeshiva of New Haven, Inc. ("Yeshiva") (collectively "Defendants") respectfully submit this memorandum of law in support of their motion, pursuant to Federal Rule of Civil Procedure 60(b)(2), for an order granting relief from the judgment entered in this matter against the Defendants on June 6, 2017. (Doc. # 163, Judgment). As we discuss below, newly-discovered evidence has been brought to the attention of the defendants that warrants relief under Rule 60(b)(2). This information, from a former teacher at Yeshiva who came forward only after hearing of the verdict in the case, would have significantly undermined the credibility of the plaintiff and raised important questions about the relationship between the two most important witnesses called in the plaintiff's case. Rule 60(b)(2) permits relief to be granted in such circumstances – where evidence is discovered after the time for filing of post-trial motions has passed, but no more than a year after entry of judgment, which likely would have led to a different result if it had been presented at trial.

**I.      BACKGROUND**

The Court is fully familiar with the general background of this case, having presided over the trial in May 2017. Final judgment in the amount of $21,749,041.10 entered on June 6, 2017. Thereafter, on June 28, 2017, defendants filed a motion for a new trial under Fed. R. Civ. P.

{N5413383}

59(a), seeking either an order granting a new trial, or a remittitur of the judgment, on the basis that the evidence could not fairly support the jury's award of non-economic damages. The evidence presented at trial was discussed at some length in the papers filed in support of that motion; for purposes of this memorandum, defendants will focus principally on the specific facts relevant to the current motion for relief from judgment.

On May 20, 2017, Attorney Fanol Bojka, Esq., who practices in Waterbury, received a message via email that had originally been submitted through an "information" portal in his firm's website.[1]  See Exhibit B, ¶ 3. The sender of the message stated, "I'm trying to determine whether you're the attorney who defended Rabbi Greer. If this is the case, please contact me for undisclosed information about the plaintiff . . . ". Id. Attorney Bojka learned that William Ward was one of the defense counsel in this case. He tried, unsuccessfully, to reach Attorney Ward, and did not leave a message. Exhibit B, ¶ 4.

Attorney Bojka later encountered Attorney Ward in the Waterbury Superior Court, G.A. 4, on July 26, 2017. He confirmed that Attorney Ward was in fact a defense lawyer for Rabbi Greer, and told him about the message he had received back in May. Exhibit B, ¶ 5. He later copied and pasted the witness message, and sent it via email to Attorney Ward on the afternoon of July 26, 2017. See Exhibit C.[2]

Attorney Ward later spoke on multiple occasions with the individual who had contacted Attorney Bojka. He summarizes the information conveyed, both to him and other counsel for the Defendants, in his affidavit submitted in connection with this motion. See generally Exhibit A. The individual related the following: He holds a Ph.D. in Chemistry, and taught at the Gan

---

[1]  The verdict in this case was returned on May 18, 2017.
[2]  The individual's name and contact information have been redacted from the exhibit, based on concern about the high level of publicity this case has attracted.

School/Yeshiva of New Haven for two academic years, 2003-03 and 2003-04, in the school's high school program. He recalls little contact with Daniel Greer during his time at the school. He reported to Aviad Hack, who ran the high school during his time teaching at the Yeshiva. Exhibit A, ¶ 5.

The individual taught math and science, and plaintiff Eliyahu Mirlis was one of his students. He observed unusual behavior by Mirlis, including tantrums in class. On one occasion he recalls Mirlis engaging in destructive behavior while shouting that he wanted to "kill all the Christians". The individual believed, based on his interaction with Mirlis, that he had a poor character for truthfulness; he described him as a frequent liar. Exhibit A, ¶ 5.

The individual also shared his observations regarding the relationship between Mirlis and Aviad Hack. He found it to be very unusual, and not a normal student/teacher relationship. He often saw Mirlis in Avi Hack's office, sitting on his desk, or on a table in Hack's office. He recalls seeing this multiple times per week. He also recalls seeing them embrace on at least one occasion. Exhibit A, ¶ 5.

The individual ultimately ended his association with the school because of a disagreement with Avi Hack regarding the individual's treatment of Mirlis. The individual gave Mirlis a failing grade in a math class. Hack told him to change the grade to a much higher passing grade, but the individual refused. He believes that Hack ultimately changed the grade. The individual resigned his position as a result of this incident, which occurred toward the end of the 2003-04 school year; he later took a position as a chemistry professor at a New York City university. Exhibit A, ¶ 5.

The individual never shared his information about Mirlis and Hack with defendant Daniel Greer. He had very little contact with Greer during his years teaching at the Yeshiva. He was

motivated to come forward and attempt to contact counsel after learning about the verdict in this case. Exhibit A, ¶ 5.

## II. RELEVANT LEGAL STANDARDS

Rule 60 of the Federal Rules of Civil Procedure vests the district court with broad power to "relieve a party . . . from a final judgment, order or proceeding" for a wide variety of reasons. Fed. R. Civ. P. 60(b). In particular, Rule 60(b)(2) permits such relief to be granted on the basis of "newly discovered evidence". Fed. R. Civ. P. 60(b)(2). "Rule 60(b)(2) provides relief when the movant presents newly discovered evidence that could not have been discovered earlier and that is relevant to the merits of the litigation." Boule v. Hutton, 328 F.3d 84, 95 (2d Cir. 2003). The Second Circuit has approved the following test for motions under Rule 60(b)(2):

> [T]he movant must demonstrate that (1) the newly discovered evidence was of facts that existed at the time of trial or other dispositive proceeding, (2) the movant must have been justifiably ignorant of them despite due diligence, (3) the evidence must be admissible and of such importance that it probably would have changed the outcome, and (4) the evidence must not be merely cumulative or impeaching.

U.S v. International Brotherhood of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001)(quoting and approving United States v. IBT, 179 F.R.D. 444, 447 (S.D.N.Y. 1998) and Frankel v. ICD Holdings, 939 F.Supp. 1124, 1127 (S.D.N.Y. 1996)).

The first threshold requirement under Rule 60(b)(2) is, as noted in the Teamsters decision, that the newly discovered evidence could not, with reasonable diligence, "have been discovered in time to move for a new trial under Rule 59(b)". Fed. R. Civ. P. 60(b)(2). Second, such motions must be brought "no more than a year after the entry of the judgment or order or the date of the proceeding". Fed. R. Civ. P. 60(c)(1).

### III.    ARGUMENT

The new evidence from the former teacher at the Yeshiva, when viewed against these standards, warrants relief from the previously-entered judgment, and an order granting a new trial under Rule 60(b)(2).  This motion is brought well within the one-year post-judgment time limit.  More importantly, the evidence at issue was not available within the time limits set by Rule 59(b) for the filing of motions for new trial.  Defendants' motion for new trial was filed on June 28, 2017.  The window for the filing of such motions is 28 days after the entry of judgment (which, as noted, occurred on June 6th).  Accordingly, under the terms of Rule 59(b), Defendants had until July 4, 2017 to move for a new trial – which would have been extended, on account of the Independence Day holiday, to July 5th.  The happenstance encounter in which Attorney Ward learned about the potential new witness was on July 26, 2017; he did not learn the specifics of the evidence the individual could have provided until even later.  The "newly discovered" threshold under Rule 60(b)(2) therefore has been met.

The nature and significance of the new evidence also satisfies the standard for relief under Rule 60(b)(2).  The individual who reached out to the defense is highly educated, with impressive experience, including teaching at the college level.  He was 13 years removed from the Yeshiva at the time of the trial in this case, with no allegiance to either side.  He never shared his information with Daniel Greer while employed at the Yeshiva, and in fact had minimal contact with him; the vast majority of his contact was with Aviad Hack, who ran the high school where the witness worked.  The individual was moved to contact the defense only after he learned of the massive verdict in this case in favor of the plaintiff.

The substance of his potential testimony would have dramatically changed the evidentiary landscape of the trial.  First, his opinion as to the plaintiff's poor character for truthfulness would have been admissible under Federal Rule of Evidence 608(a).  Mr. Mirlis's credibility was central to the jury's consideration of his claims – both as to liability and damages.  The new evidence would not, however, have been "merely" impeaching.  The plaintiff placed his behavior while in school squarely in issue, so the individual's potential testimony about tantrums, disruptive behavior, and shouting about "killing all the Christians" would also have been admissible.  It does not require a great leap of faith to conclude that the trier of fact "probably" would have viewed the plaintiff in a different light had it had the benefit of this testimony.

The new facts regarding the interaction between the plaintiff and Aviad Hack would have had a similarly significant impact on the case.  Mr. Mirlis and Hack were the two most important witnesses in plaintiff's case.  The plaintiff relied on Hack both in its efforts to hold the Yeshiva legally liable, and to bolster the plaintiff's credibility regarding his claims of abuse.  There was <u>no</u> evidence in the record comparable to what the former teacher could have provided, which cast the Hack-Mirlis relationship in a very different light.   He found it to be very unusual, and observed behavior that departed from what he considered to be a normal student/teacher relationship. Testimony about his observations – e.g., Mirlis's frequent presence in Hack's office, sitting on his desk or a table – would have been admissible.  Hack's intervention to prevent Mirlis from receiving a failing grade (which ultimately led the former teacher to leave his position) would also have given the jury further basis to question the plaintiff's general testimony about his school experience.

In addition, as the Court recalls, the defense introduced documents that were presented by Hack to defendant Greer shortly before the plaintiff approached Greer with his abuse complaint;

the effect of those documents would have been to transfer the Yeshiva's operation and assets to Aviad Hack. The plaintiff was very dismissive of any suggestion that Hack's alleged takeover efforts were somehow linked to the claims asserted by Mirlis in this case. Additional information about the history and background of the Hack-Mirlis relationship would also have been most relevant on this subject, and would have bolstered the questions raised by the defense regarding Hack's motives, and potential collaboration with Mirlis.

    Put simply, it does not require a great leap of faith to conclude that testimony from the distinguished former teacher probably would have changed the result in this case. The jury found themselves deadlocked on all matters, unable to move beyond even the first liability interrogatory, even after a full day of deliberations – despite the fact that defendant Greer had repeatedly invoked his Fifth Amendment privilege in their presence, and despite arguments from plaintiff's counsel about the negative inferences that could and should be drawn from those invocations. It is fair to conclude from the jury's deadlock that it was struggling in its evaluation of the plaintiff's testimony. The testimony of the former teacher likely would have tipped the balance in Defendants' favor, and led to a different result, either as to liability, or a considerably lower damage award. This is the precise situation that Rule 60(b)(2) is designed to address. We urge the Court to grant relief from judgment, and order a new trial at which all of the evidence, including that from the witness who has only recently come forward, can be presented.

**THE DEFENDANTS,**

By: /s/ David T. Grudberg
David T. Grudberg (ct01186)
Amanda C. Nugent (ct27584)
CARMODY TORRANCE SANDAK & HENNESSEY LLP
195 Church Street, P.O. Box 1950
New Haven, CT 06509-1950
Telephone: (203) 777-5501
Facsimile: (203) 784-3199
E-mail: dgrudberg@carmodylaw.com
E-mail: anugent@carmodylaw.com

William J. Ward (ct10009)
336 Torrington Rd.
PO Box 430
Litchfield, CT 06759
Telephone: (860) 567-2210
Facsimile: (860) 567-2218
E-mail: billwardlaw@sbcglobal.net

*Their Attorneys*

## **CERTIFICATE OF SERVICE**

I hereby certify a copy of the foregoing Memorandum of Law in Support of Motion for Relief from Final Judgment was filed electronically on October 27, 2017.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

    /s/ David T. Grudberg
David T. Grudberg