UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **ELIYAHU MIRLIS,** | : | CIVIL ACTION NO. |
| | : | 3:16-CV-00678-MPS |
| Plaintiff, | : | |
| | : | |
| V. | : | |
| | : | |
| **RABBI DANIEL GREER and YESHIVA OF NEW HAVEN, INC.,** | : | |
| | : | |
| Defendants. | : | NOVEMBER 2, 2017 |

**PLAINTIFF'S MOTION TO COMPEL THE DEFENDANTS TO DISCLOSE THE IDENTITY OF THE WITNESS WHOSE HEARSAY TESTIMONY THEY RELY UPON IN SUPPORT OF THEIR MOTION FOR RELIEF FROM FINAL JUDGMENT (DOC. 206)**

**PLAINTIFF'S MOTION TO COMPEL THE DEFENDANTS TO PRODUCE THE SECRET WITNESS FOR DEPOSITION, AND, IF NECESSARY FOLLOWING THE WITNESS'S TESTIMONY, TO PRODUCE ATTORNEY WARD FOR DEPOSITION**

Pursuant to Fed. R. Civ. P. 37 and Local Civ. R. 37, the plaintiff hereby moves to compel the defendants to disclose the identity of their secret witness, to produce him for deposition, and to produce Attorney Ward for deposition if necessary. This Motion is connected to Plaintiff's Opposition to Defendants' Motion for New Trial or, in the Alternative, for Remittitur (Doc. 185) and to Plaintiff's Opposition to Defendants' Motion for Relief from Final Judgment (Doc. 214), filed today. The plaintiff refers the Court to those pleadings for additional supporting information and authority.

In the event that the Court is inclined to consider the proffered hearsay testimony of the defendants' unidentified witness on their Motion for Relief from Final Judgment (Doc. 206), or is inclined to grant the defendants' Motion for New Trial or, in the

Alternative, for Remittitur (Doc. 172), the plaintiff moves the Court to first grant this Motion to Compel, and to re-open discovery for the purpose of deposing the secret witness and, if necessary, Attorney Ward.

The alleged witness's proffered testimony is relevant to all of the liability and damages issues raised in the defendants' post-trial motions.  For example, Mr. Mirlis's alleged "tantrums" and "destructive behavior" may have been caused by, and appear to be consistent with, Greer's contemporaneous sexual abuse, and may be evidence of the emotional distress caused by the abuse.  They may also constitute a call for help that should have alerted the witness and other Yeshiva employees of reportable misconduct.  The alleged "very unusual" and "not normal" relationship between Aviad Hack and Mr. Mirlis, and their alleged one-time "embrace" may support the plaintiff's claim that the Yeshiva and its administrators were negligent in their care and custody of the plaintiff.  And the proffered testimony about Mr. Mirlis's grade of "F" in Math may be evidence of his suffering, and directly addresses the defendants' credibility attack on the plaintiff at trial.  *See* Tr. Transcript at 380-385, attached as Exh. B to the Affidavit of Antonio Ponvert III in Support of Plaintiff's Opposition to the Defendants' Motion for Relief from Final Judgment (Doc. 215) (defendants sought to impeach the plaintiff's testimony on direct examination that his grades suffered as a result of the abuse); *id.* at 384-85 ("Q.  Fair to say your grades weren't suffering when you tried to cut [Greer] off?").  If the Assistant Principal of the school falsely substituted a "much higher passing grade" for what should have been a failing grade, this both supports the plaintiff' direct testimony, and calls into question the truth and accuracy of the alleged "six A's and two

B pluses" that the defendants relied on for their accusation in closing argument that Mr. Mirlis is a liar.  *See* Trial Tr. at 500 ("That's another lie.  That's all it is.").

Wherefore, the plaintiff moves the Court to grant this Motion to Compel so that the evidentiary record required to oppose the defendant's two post-trial motions can be complete, and so that the plaintiff may inquire into and test the accuracy of the hearsay statements contained in Attorney Ward's Affidavit (Doc. 205-1) and relied upon by the defendants in support of their request for extraordinary relief.  If the Court denies the defendants' two motions, a ruling on this Motion to Compel is unnecessary.

Respectfully submitted,

BY s/Antonio Ponvert III
ANTONIO PONVERT III ct17516
KOSKOFF, KOSKOFF & BIEDER, P.C.
350 FAIRFIELD AVENUE
BRIDGEPORT, CT 06604
Tel: 203-336-4421
(203)368-3244 (facsimile)
aponvert@koskoff.com

**CERTIFICATION**

I hereby certify that a copy of the foregoing was filed electronically and served by mail on anyone unable to accept electronic filing.  Notice of this filing will be sent by e-mail to all parties by operation of the Court's electronic filing system or by mail to anyone unable to accept electronic filing.  Parties may access this filing through the Court's system.

**/s/**_____
Antonio Ponvert III