# EXHIBIT D

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ELIYAHU MIRLIS,

    Plaintiff,                                 No. 3:16-cv-00678 (MPS)

v.

DANIEL GREER, ET AL.

    Defendants.

## ORDER GRANTING MOTION TO MODIFY DESIGNATIONS

Upon the Motion to Modify Designations (the "Motion") filed by the plaintiff and judgment creditor, Eliyahu Mirlis ("Plaintiff"), seeking the modification of materials designated "Confidential" by the defendants and judgment debtors, Daniel Greer and the Yeshiva of New Haven, Inc. (together, "Defendants") pursuant to the Protective Order,[1] having come before the Court and there being due and sufficient cause to grant the relief requested therein, it is hereby ORDERED,

1. That the Motion is in all respects GRANTED;

2. To the extent that any Designated Information constitutes an operative fact, forms the basis for an operative fact, or is relevant to a pleading, including any amendments thereto, and/or dispositive motion (e.g., a motion for summary judgment), such Designated Information shall not be deemed Confidential and would not have to be redacted in any such pleading or motion filed with any court. Filing such pleading or motion would not be a violation of the Protective Order. However, any Designated Material attached to such pleadings or motions shall be filed under seal. In addition, any social-security number, taxpayer-identification number, birth

---

[1] Capitalized terms not defined herein shall have the same meaning as in the Motion, unless otherwise indicated.

date, the name of an individual known to be a minor, or a financial-account number shall be redacted in accordance with Fed. R. Civ. P. 5.2(a), unless publicly available;

   3.  Any information regarding the Related Entities, or any other individual or entity that is publicly available is not confidential and may be used in court filings;

   4.  Designated Information about the Related Entities that is an operative fact, forms the basis for an operative fact, or is relevant to a pleading, including any amendments thereto, and/or dispositive motion (e.g., a motion for summary judgment) shall not be deemed Confidential and would not have to be redacted in any such pleading or motion filed with any court. Filing such pleading or motion would not be a violation of the Protective Order, but any Designated Material attached to such pleadings or motions shall be filed under seal;

   5.  The names of specific employees of the Related Entities along with any confidential financial information about said employees, including but not limited to their compensation and any tax information, shall remain Confidential and shall be redacted from any Court filing, except (1) to the extent that the information is publicly available; and/or (2) the names of Daniel Greer and Sarah Greer shall not be redacted; and

   6.  To the extent that the terms of this Order conflict with the terms of the Protective Order, this Order shall be controlling.